[Civ. No. 5263. First Appellate District, Division Two.—October 19, 1925.]

ROY S. AVERY, Appellant, v. C. W. PEIRSON, Respondent.

[1] PARTNERSHIP — ACCOUNTING — EXISTENCE OF RELATIONSHIP—EVIDENCE.—In this action to obtain an accounting, after plaintiff, who had entered into a contract for the purchase of a one-half interest in defendant's exclusive real estate sales contracts, severed his connection with the business, the evidence showed that plaintiff had obtained a present title to the one-half interest which he attempted to buy, that his duties and liabilities attached at once, upon the signing of the contract with defendant and the making of the actual payment, and that his rights attached at the same time, and every element was present to constitute the relation of copartners between plaintiff and defendant after the execution of said contract.

[2] ID.—DISSOLUTION BY EXPRESSED WILL—RIGHT TO ACCOUNTING.—As there was no covenant made by the parties to the contrary,

2. See 20 Cal. Jur. 799; 20 R. C. L. 954.

said partnership could be and was dissolved by the expressed will of plaintiff; and on the dissolution of said partnership each partner was entitled to an accounting if there was any sum whatever to be accounted for.

[3] ID.—SMALLNESS OF ACCOUNT DUE—RIGHT TO ACCOUNTING.—Under the admissions of the pleadings in said action to obtain an accounting there having been some funds to which plaintiff was entitled to an accounting, neither plaintiff nor defendant could have a cause of action against the other until that accounting was had and the trial court should have entered an order directing that an accounting be had, notwithstanding it was clear that the accounting would show very little, if anything, payable to plaintiff.

---

(1) 30 Cyc., p. 360, n. 64, p. 413, n. 15.   (2) 30 Cyc., p. 650, n. 65, p. 653, n. 83, p. 712, n. 2.   (3) 1 C. J., p. 612, n. 55, p. 613, n. 62; 30 Cyc., p. 461, n. 29, p. 462, n. 33, 34, p. 713, n. 10, p. 738, n. 80.

APPEAL from a judgment of the Superior Court of Los Angeles County.   C. P. Vicini, Judge Presiding.   Reversed.

The facts are stated in the opinion of the court.

William Ellis Lady for Appellant.

Sebald L. Cheroske for Respondent.

STURTEVANT, J.—This is an action brought by the plaintiff to obtain an accounting. The defendant answered and a trial was had by the trial court sitting without a jury. After the parties had introduced their evidence tending to prove that there was or was not a fiduciary relation existing between the parties the trial court declined to order an accounting and directed that findings be drawn by the defendant. The findings were so drawn and judgment thereon was entered in favor of the defendant. The plaintiff has appealed from the judgment under section 953a of the Code of Civil Procedure.

[1] Prior to the twentieth day of February, 1919, C. A. Canfield Estate and Harbor View Land Company were the owners of lands near the city of San Pedro, Los Angeles

---

3.   See 20 Cal. Jur. 822.

County, and were engaged in selling off said lands in small parcels. At that time the defendant held an exclusive sales contract by virtue of which he was entitled to make the sales and receive certain sums of money as compensation. On that date he entered into a contract with the plaintiff in which he agreed to sell the plaintiff a one-half interest in his contracts for the sum of $1,500. It was further agreed that the plaintiff was to pay down $1,000 and thereafter, on April 5, 1919, he was to make a further payment of $500. At the time of making the contract the defendant was devoting his entire time in negotiating sales and it was further agreed between the defendant and the plaintiff that the plaintiff should at once take up the work and devote his entire time in negotiating sales. In accordance with the contract both parties proceeded to act thereunder and continued to do so for a period of approximately four weeks. On the date that the contract was made, and continuously thereafter, the defendant was maintaining an office and was incurring some expenses, but the precise nature thereof or the amount thereof is not disclosed by the record. In his complaint the plaintiff alleged that the defendant "has received large sums of money as and by way of compensation under and by virtue of the terms of" the sales contract held from C. A. Canfield Estate and the Harbor View Land Company. In his answer the defendant did not deny that allegation, but, on the other hand, inserted "admits that by virtue of said contracts defendant has received some compensation." At the end of four weeks the plaintiff severed his connection with the business and returned to the employment of an oil company. Thereafter from time to time he made demands on the defendant for an accounting, those demands were refused and the plaintiff commenced this action.

The trial court found the facts as stated above. The question presented to this court is whether or not the conclusion of law, that the plaintiff was not entitled to an accounting, is supported by the findings of fact. Looking back over the foregoing facts it is quite clear that the plaintiff obtained a present title to the one-half interest which he attempted to buy; that his duties and liabilities attached at once and that his rights attached at the same time. Every element of a partnership was present and our

attention has not been called to the absence of any factor necessary to constitute the relation of copartners between the plaintiff and defendant after the execution of the contract on February 20, 1919. (Civ. Code, sec. 2395; *Chapman* v. *Hughes*, 104 Cal. 302 [37 Pac. 1048, 38 Pac. 109].) [2] As there was no covenant in the agreement made by the parties to the contrary, the partnership could be and was dissolved by the expressed will of the plaintiff. (Civ. Code, sec. 2450, subd. 2.) On the dissolution of the partnership each partner was entitled to an accounting if there was any sum whatever to be accounted for. [3] Under the admissions of the pleadings there was in the instant case at least some funds to which the plaintiff was entitled to an accounting. Until that accounting shall have been had neither the plaintiff nor the defendant has a cause of action one against the other. (30 Cyc. 462 et seq.)

The record discloses that during the four weeks that the plaintiff was actively participating in the business of selling lots that business was very poor and that few sales were made. The record discloses that at least certain expenses were continuing during that period of time. Under these circumstances it is clear that an accounting may show very little if anything as payable to this plaintiff. Be that as it may, it is his affair. Under the admissions contained in the pleadings and the findings as made by the trial court, the trial court should have entered an order directing that an accounting be had. (1 C. J., p. 613, sec. 56.)

The judgment is reversed and the cause is remanded to the trial court for further proceedings in accordance with the views herein expressed.

Nourse, J., and Langdon, P. J., concurred.