[Civ. No. 6572. Second Appellate District, Division One.—February 13, 1930.]

THE OCEAN ACCIDENT AND GUARANTEE CORPORATION, LIMITED (a Corporation), Petitioner, v. THE INDUSTRIAL ACCIDENT COMMISSION and C. H. DILLMAN, Respondents.

George H. Moore and Hubert Starr for Petitioner.

G. C. Faulkner for Respondent Commission.

Hoye & Boehler for Respondent Dillman.

CONREY, P. J.—C. H. Dillman, claiming as an employee of George C. Schuldt, made application to the Industrial Accident Commission for an award of compensation for disability resulting from an accident in which he was injured while engaged in service for·his employer.  An award was

made in favor of Dillman and against The Ocean Accident and Guarantee Corporation, Ltd. (hereinafter called the corporation), as insurance carrier of the employer. In this proceeding by writ of review the Corporation contends that the Commission was without jurisdiction to make said award.

The evidence shows that the accident and injury to Dillman occurred while he was working for Schuldt. It arose out of and in the course of the employment. If the insurance policy covered the employment of Dillman by Schuldt, the award is valid; otherwise, the award should be annulled.

Prior to October 26, 1927, Schuldt and Dillman entered into an oral agreement of partnership as building contractors. Schuldt had obtained a contract for the construction of a public school building and this contract, although held in the name of Schuldt, was by the partners understood to be included in their business. On October 26, 1927, they made application to the corporation for an indemnity policy to cover personal injuries sustained by employees. In the declarations of their application they represented themselves to be a copartnership, and named themselves, George C. Schuldt and C. H. Dillman, as the members of the partnership. In the policy issued pursuant to said application (and bearing the same date as the date of the application), it was provided that "if this employer is a partnership, this policy shall not apply to any member . . . of such . . . partnership except those named in the Declarations with disclosures of the annual amount of wages," etc. The declarations did not contain any such exception.

In the testimony of Mr. Dillman before the Commission he admitted that he told the agent of the Corporation that he and Schuldt were partners and further admitted that when the policy was written up he knew that it was written in his name as well as that of Schuldt; but he also claims, and he so testified, that subsequently and before he went to work on the job he and Schuldt agreed to dissolve the partnership and further agreed that he would work for Schuldt on the school building at a stated wage. The work under the building contract was commenced early in November, but the brickwork on which Dillman was employed did not commence until the second day of December. The accident to Dillman occurred in the latter part of January, 1928. Dillman admitted that he did not at any time prior

to the accident notify the Corporation about any change in the partnership arrangement. With respect to the time when the partnership was dissolved as compared with the commencement of the work the following testimony of Dillman is interesting: ''Q. How far had you proceeded with this particular job when you learned you could · not go through on basis of a partnership and then decided that Mr. ·Schuldt would have to go ahead alone and you would merely work for him, how far had you proceeded on this work? A. I hadn't proceeded with the work. That is, we hadn't proceeded on this work. Q. Hadn't done any work at all? A. No.'' The inference from this testimony is that the partnership was dissolved early in November. Nevertheless, a partnership contract in writing had been prepared, which carries a notarial certificate that it was ''subscribed and sworn to'' before the notary on November 25, 1927. However, for the purposes of this proceeding, and since the evidence is conflicting, we are bound by the Commission's implied finding that the partnership was dissolved as Dillman says that it was.

For the Corporation it is contended that in the creation of the insurance policy the intention was for partnership coverage only, and that in no event was it intended to furnish indemnity for liability to employees of either Schuldt or Dillman as individuals. In reply to this contention, counsel for the Commission refers to section 2557 of the Civil Code, which reads as follows: *"In the case of transfer between cotenants. A transfer of interest by one of several partners, joint owners, or owners in common, who are jointly insured, to the others, does not avoid an insurance, even though it has been agreed that the insurance shall cease upon an alienation of the thing insured."* Whether or not said section has any application to workmen's compensation insurance policies is a question which we think is not necessary to decide. ■ The terms of the policy as hereinabove set forth show that it was issued to a partnership of which Dillman was a member, and that by reason of his membership in the partnership it was agreed that the policy should not apply to him, since he was not ''named in the Declarations with disclosure of the annual amount of wages,'' or at all. The meaning of the language used could not have been more direct and certain

if the policy had said, "C. H. Dillman is a member of said partnership and it is hereby agreed that this policy shall not cover any compensation for injuries received by him in connection with any employment whatever." (See *Zurich etc. Co.* v. *Industrial Acc. Com.,* 208 Cal. 151 [280 Pac. 687].)

For yet another reason, the applicant Dillman was not entitled to compensation. "It is the law of partnership that when one partner purchases the interest of the other the transaction presumptively includes a final settlement of all partnership indebtedness existing between the partners." (*Wilbur* v. *Wilbur,* 197 Cal. 1, at p. 14 [239 Pac. 332, 337].) On the other hand, upon a dissolution of the partnership, where one partner merely withdrew from the business, the partner who remained in charge of the business "was left in a position where under the law he was entitled to continue the business as a liquidating partner until the contractual conditions and liabilities were carried out." (*Mervyn Investment Co.* v. *Biber,* 184 Cal. 637, 644 [184 Pac. 1037, 1040].) In this latter form of dissolution, the outgoing partner retains his interest in the partnership, subject to the appropriate liquidation of the business, and with the right to an accounting when the net assets of the partnership, as of the time of dissolution shall have been ascertained. (*Avery* v. *Peirson,* 74 Cal. App. 617 [241 Pac. 406].) Dillman, in order to establish his contention that he had ceased to be a partner as described in the insurance policy, should have been required to show not only that the partnership had been dissolved, but also that at the time of the accident he retained no interest whatever in the assets or business of the partnership, especially so far as the job on which he was injured was concerned. But there is not in the record any such evidence.

The award is annulled.

Houser, J., and York, J., concurred.