## STILGENBAUR v. UNITED STATES
### (two cases).

## SAME v. ROGAN, Collector of Internal Revenue (two cases).

### No. 9478.

Circuit Court of Appeals, Ninth Circuit.

Nov. 8, 1940.

284

Thomas R. Dempsey, A. Calder Mackay, and H. B. Thompson, Jr., all of Los Angeles, Cal., for appellants.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, Michael Gould, and George H. Zeutzius, Sp. Assts., Ben Harrison, U. S. Atty., E. H. Mitchell, Asst. U. S. Atty., and Eugene Harpole, Sp. Atty., Bureau of Internal Revenue, all of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

These appeals are from judgments of the district court denying appellants, plaintiffs below, income tax refunds of taxes claimed to have been erroneously assessed and collected as additional income taxes and interest for the tax year 1934.

The taxpayers, Roy R. Stilgenbaur and Grace Stilgenbaur, are now and at all pertinent times have been husband and wife and residents of the State of California. The separate returns of the husband and wife are due to the interest of each in the profits of the partnership under the California Community Property Law. Because of the facts and principles upon which these appeals are decided, the difference between the claims of husband and wife become immaterial.

On July 1, 1922, Roy G. Stilgenbaur, Harry B. Sears and Elmer M. Sears associated themselves together as general copartners for the purpose of carrying on a general produce business under the firm name and style of Sears Brothers & Company. Stilgenbaur thereupon became and at all material times has been entitled to a one-third share of the profits and losses of the partnership. In 1922 and 1923 he contributed in all $2,000 to the partnership, which sum was returned to him before the end of the year 1923.

On December 31, 1934, Stilgenbaur's net share of the undivided profits of the partnership amounted to $282,890.94. The partnership was agreed to be dissolved on that day, the two remaining partners continuing the business. Stilgenbaur agreed with his two partners to retire on the conclusion of the partnership business on that day. For a money consideration and an agreement from the continuing partners to hold him harmless from the partnership debts, he transferred to them all his right, title and interest in and to the specific partnership property.[1] He made no assignment of his interest in the partnership itself.

In this transfer it is admitted by the government that there was a loss of $67,-485.94, constituting a separate property loss of Stilgenbaur to the extent of $50,-803.36 and a community property loss to the extent of $16,682.58. The appellants based their claims for refund on the failure of the Commissioner to compute and assess these losses as deductions from ordinary income and his treatment of them as a loss through a sale of capital assets. The district court sustained the Commissioner's assessment, its judgments denied the refunds, and these appeals followed.

All the parties agree that the partnership was governed by the California law which contemplates that as a part of the dissolution of a partnership there may be a transfer of the interest of the partner in the specific *property* of the partnership to the continuing partners without a liquidation of the business. In this respect the Civil Code of California, § 2435(1) provides: "§ 2435. Liability of persons continuing the business in certain cases. (1) * * * *when any partner retires and assigns* (or the representative of the deceased partner assigns) *his rights in partnership property* to two or more of the partners, or to one or more of the partners and one or more third persons, if the business is continued without liquidation of the partnership affairs, creditors of the first or dissolved partnership are also creditors of the partnership so continuing in the business." (Italics supplied.)

Under the California law a partner has three distinct interests arising from his partnership. One is his co-ownership in the specific property of the partnership property, another is his interest in the partnership as such, and the third is his right to participate in the management. The Civil Code of California describes these three interests as: "§ 2418. Extent of property rights of a partner. The property rights of a partner are (1) his rights

---

[1] The transferring instrument read: "Now Therefore, in pursuance of the said agreement, [Stilgenbaur to withdraw as partner and the business to continue in the remaining partners, who were to hold him harmless, etc.] and in consideration of the sum of One Dollar ($1.00) and other good and valuable. consideration paid and secured to the said party of the second part, he, the said party of the second part, doth hereby assign to the said parties of the first part all his right, title and interest in and to all stock in trade, goods, merchandise, machinery, tools, books, leasehold premises, and effects belonging to the said partnership, of whatever kind or nature and wheresoever situated; also all his right, title and interest in and to all the debts of money now due and owing to the said firm, whether the same be by bond, bill, note or account, or otherwise; * * *."

in specific partnership property, (2) his interest in the partnership, and (3) his right to participate in the management."

The Civil Code of California provides that the partner's rights in the specific partnership property as distinguished from his interest in the partnership are:

"§ 2419. Nature of a partner's right in specific partnership property. (1) A partner is co-owner with his partners of specific partnership property holding as a tenant in partnership.

"(2) *The incidents of this tenancy* are such that:

"(a) A partner, subject to the provisions of this chapter and to any agreement between the partners, has an equal right with his partners to possess specific partnership property for partnership purposes; but he has no right to possess such property for any other purpose without the consent of his partners.

"(b) A partner's right in specific partnership property is not assignable except in connection with the assignment of the rights of all the partners in the same property.

"(c) A partner's right in specific partnership property is not subject to attachment, or execution, except on a claim against the partnership. When partnership property is attached for a partnership debt the partners, or any of them, or the representatives of a deceased partner, cannot claim any right under the homestead or exemption laws.

"(d) On the death of a partner his right in specific partnership property vests in the surviving partner or partners, except where the deceased was the last surviving partner, when his right in such property vests in his legal representative. Such surviving partner or partners, or the legal representative of the last surviving partner, has no right to possess the partnership property for any but a partnership purpose.

"(e) A partner's right in specific partnership property is not subject to dower, curtesy, or allowances to widows, heirs, or next of kin, and is not community property."

■ As distinguished from the co-ownership in the specific partnership real and personal *property* described above is the partner's interest in the *partnership* as such. The latter interest is personal property. The Civil Code of California, §

2420 provides: "§ 2420. Nature of partner's interest in the partnership. A partner's interest in the partnership is his share of the profits and surplus, and the same is personal property."

The California Code provisions embody the uniform partnership laws of the Commission on Uniform Laws and adopted by some 19 states, including New York. As stated in Judge Learned Hand's opinion in Helvering v. Smith, 2 Cir., 90 F.2d 590, 591, concerning a New York partnership, the Uniform Act does not create a new juristic entity but retained the "pluralistic notion of the firm" as the chancellors had worked it out from the common law, which recognized only joint owners and joint obligors.

■ With regard to the partner's co-ownership in the specific partnership property, the general provisions of § 2419 that it is not assignable must yield to the specific provision of § 2435, supra, providing for the assignment of the partner's co-ownership in the partnership property to the partners continuing the business.

In this case the specific partner's property consisted of cash, bonds, real estate, accounts receivable, merchandise and supplies and other assets. There were also certain accounts payable. The transfer was of all Stilgenbaur's interest in them.

■ Stilgenbaur could have chosen two other methods of terminating the partnership. Instead of transferring his co-ownership rights in the specific partnership real and personal property, he could have assigned to the two continuing partners his interest in the partnership, that is, in its profits and surplus as such. This was what was done in Helvering v. Smith, supra, and the case is distinguishable on that ground, but cf. Hill v. Commissioner, 1 Cir., 38 F.2d 165, holding the sale of partnership interest to be that of a capital asset. He also could have done no more than to require an accounting and a determination of his partnership interest and recovered from the partners his share of the profits and surplus which constitute that interest under § 2420, supra; that is, in effect, to sue on a chose in action for unliquidated damages. Ferem v. Olson & Mahony, 176 Cal. 652, 655, 169 P. 386; Isaacs v. Jones, 121 Cal. 257, 53 P. 793, 1101; Ocean A. & G. Corp. v. Industrial Accident Commission, 104 Cal. App. 34, 38, 285 P. 707; Avery v. Peirson, 74 Cal.App. 617, 241 P. 406.

██ The fact that there is involved the same value to the retiring partner in each of the three processes of realizing it, does not make one taxable process nontaxable, because another, nontaxable, is not chosen. Commissioner v. Kolb, 9 Cir., 100 F.2d 920, 926; Higgins v. Smith, 308 U.S. 473, 477, 60 S.Ct. 355, 84 L.Ed. 406; Bullen v. Wisconsin, 240 U.S. 625, 630, 36 S.Ct. 473, 60 L.Ed. 830.

The appellees contended below and the district court held with them that this was a loss on the sale of a capital asset and the court allowed no deduction therefor. On these appeals it was admitted that the court below had erred, assuming the appellees' contention that the loss was in the sale of a capital asset, in not deducting a capital loss of $2,000, allowed by the Revenue Act of 1934, c. 277, § 117(d), 48 Stats. 680, 26 U.S.C.A. Int.Rev.Acts, page 708.

Appellants claim (1) that the transaction by which the partnership dissolution was accomplished was not a *sale* by the transfer of the co-owned partnership assets and (2) that, assuming the transaction was a sale of the partnership assets by Stilgenbaur to the continuing partners, what was transferred by the sale did not constitute "capital assets" as defined in § 117(b) of the Revenue Act of 1934.

In support of the contention that the dissolution transfer did not involve a sale from Stilgenbaur to his two partners, appellants attempt to liken the proceeding under the California statute providing for the transfer of the specific partnership assets on the dissolution of the partnership to the redemption of bonds and stocks by an issuing corporation. Such redemptions (prior to an amendment to the taxing act) were held to be not sales of the securities by the holder to the issuing corporation,[2] but the mere payment of money obligations. These cited cases on redemption of securities have no application to a situation under the California statute which contemplates that in the process of dissolution there may be such transfer of a co-ownership in specific property as was here made.

Appellants cite Bull v. United States, 295 U.S. 247, 257, 55 S.Ct. 695, 79 L.Ed. 1421 (discussion of partnership interest on an accounting in dissolution); Fourth National Bank v. New Orleans and C. R. Co., 11 Wall. 624, 20 L.Ed. 82 (bill for accounting); Doyle v. Commissioner, 4 Cir., 102 F.2d 86 (sale by partner of interest in professional fee in liquidation of partnership held merely collection in advance of money earned as ordinary income); Hill v. Commissioner, 1 Cir., 38 F.2d 165, 166 (purchase of interest in partnership). In none of these was there such a sale by a retiring partner of his co-ownership interest in the specific partnership assets as here made pursuant to § 2435 of the Civil Code of California. Nor is there discussion of the situation presented by that section nor of the difference, as in California, between the partner's co-ownership in the specific assets and his partnership interest in the partnership profits and surplus.

██ The admitted loss, arising from the difference between the value of what was sold to the two continuing partners and what they paid for it, is a loss by way of sale.

Taxpayers next contend that what, if anything, Stilgenbaur sold was not a capital asset within § 117(b) of the Revenue Act of 1934, which provides: "(b) Definition of Capital Assets. For the purposes of this title, 'capital assets' means *property held by the taxpayer* (whether or not connected with his trade or business), but does not include stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business." (Italics supplied).

██ Under § 2419, Stilgenbaur had a co-ownership interest in these specific properties of the partnership. While not transferable to outsiders, § 2435 recognizes the co-ownership interest as transferable to the continuing partners. The co-ownership in these assets is property, obviously desirable of acquisition by the continuing partners. It was sold to them for a price commensurate with the purchasers' valuation of the property. A co-ownership in real and personal property which is saleable and sold is a capital asset within the definition of § 117(b) of the Revenue Act of 1934.

The judgments are reversed, with instructions to compute the claims for refund with an allowance of a capital loss

---

[2] United States v. Fairbanks, 9 Cir., 95 F.2d 794; Buell v. Commissioner, 10 Cir., 106 F.2d 398.

from the sale of Stilgenbaur's interest in the capital assets to the extent of $2,000 and no more.

Reversed and remanded for further proceedings.