## COMMISSIONER OF INTERNAL REVENUE v. SHAPIRO.

### No. 8766.

Circuit Court of Appeals, Sixth Circuit.

Feb. 5, 1942.

F. E. Youngman, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch and F. E. Youngman, Sp. Assts. to Atty. Gen., on the brief), for petitioner.

F. E. Hagler, of Memphis, Tenn., for respondent.

Before SIMONS, HAMILTON, and McALLISTER, Circuit Judges.

HAMILTON, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals involving income taxes of respondent, Morris Shapiro, for the calendar year 1934, on the gain realized by him upon the sale of his one-half interest in a partnership. The single question presented is whether respondent realized capital net gain within the meaning of Section 117 of the Revenue Act of 1934, c. 277, 48 Stat. 680–772, 26 U.S.C.A., Internal Revenue Act of 1934, page 707, Section 117. The amount of the tax involved is $27,438.31.

In January 1926, respondent, Morris Shapiro, and Joseph S. Menke organized a partnership under the laws of Tennessee, which carried on business under the trade name of Keystone Laboratories. Each partner contributed $2,000 to the enterprise and each owned an undivided one-half interest therein. The partnership engaged in the business of manufacturing and selling cosmetics and medicines. For each of the years subsequent to its creation it filed a partnership income tax return and its individual members reported its net gain for each year. On April 24, 1934, respondent sold his one-half interest in the partnership to his partner Menke for the sum of $117,000 out of which he paid $5,000 for attorneys fees, leaving net $112,000.

In his individual return for the calendar year 1934, respondent reported $10,685.25 as capital gain from the sale and paid the taxes due thereon. On audit and review of his return, the Commissioner of Internal Revenue found that respondent had realized a profit on the sale of $57,617.65 and found this sum taxable as ordinary income under Section 22(a) of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts, page 669. Respondent petitioned the Board of Tax Appeals for a review of the Commissioner's decision and it decided that the gain realized was on the sale of a capital asset and taxable under the provisions of Section 117 of the Revenue Act of 1934. From this decision, petitioner prosecutes this review.

So much of the contract of sale as is material here is found in the margin.[1]

---

[1] "That whereas both parties hereto have heretofore been equal partners in that cosmetic and chemical business known as Keystone Laboratories, and located at 491 South Third Street, in the City of Memphis, Tennessee; and whereas the said Morris Shapiro has agreed to sell his undivided one-half interest in and to said business to the said Joseph S. Menke and wife, Hilda Menke, for a consideration heretofore agreed upon between these parties; and whereas it is the desire of both of these parties that the terms and conditions of the sale be specifically set out. Now, therefore, for and in consideration of $115,000 cash in hand paid to the said Morris Shapiro by Joseph S. Menke, and the further consideration of the execution of a warranty deed by Joseph S. Menke and Hilda Menke in and to certain partnership realty, which consists of · all partnership realty in Greenville Subdivision in Shelby County, Tennessee, and also all property in Greenville Subdivision which may be owned by Joe Menke, Joe Menke and Hil-

The parties have stipulated that respondent's cost basis of his interest in the partnership was $54,382.35. This sum is determined as shown by the schedule in the margin.[2] The parties have also stipulated that the respondent realized a gain of $57,617.65 on the sale.

Section 117(a) of the Revenue Act of 1934 provides that "In the case of a taxpayer, other than a corporation, only the following percentages of the gain or loss recognized upon the sale or exchange of a capital asset shall be taken into account in computing net income * * * (b) Definition of Capital Assets. For the purposes of this title, 'capital assets' means property held by the taxpayer (whether or not connected with his trade or business), but does not include stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business."

Petitioner insists that respondent was a co-owner of the property and business of the partnership as a going concern and that what he sold was his interest as a partner in the assets of the partnership and that the burden of proof rested on respondent to show that the partnership had owned the property for the period requisite under the Capital Gains Section of the Internal Revenue Act, which provides that if the property has been held for less than one year, the gain is taxable 100 percentum; for more than one year, but not more than two years, 80 percentum; for more than two years, but not more than five years, 60 percentum; for more than five years but not more than ten years, 40 percentum; for more than ten years, 30 percentum. Sec. 117(a) Revenue Act of 1934, U.S.C.A. Title 26, Int.Rev.Acts, page 707.

The record does not show what period of time the asset which petitioner sold was owned by either him or the partnership. In the petition for review and assignments of error, petitioner states "the only ques-

---

da Menke, or Hilda Menke, valued at Two Thousand ($2,000.00) Dollars, and also including all notes receivable due from the sale of property in Greenville Subdivision, the receipt of which deeds are likewise hereby acknowledged, and the further and additional consideration of the payment in full of all taxes, including Federal income taxes exceeding Ten Thousand ($10,000.00) Dollars, which will be due the Government by the said Morris Shapiro by reason of the monies he receives from this sale. Said income tax, as stated, is to be paid by Joe Menke; and by these presents the said Morris Shapiro does hereby bargain, sell and convey unto the said Joseph S. Menke all of his, the said Morris Shapiro's right, title and interest in and to that business known as the Keystone Laboratories, located at 491 South Third Street, in the City of Memphis, Shelby County, Tennessee, together with any interest which the said Morris Shapiro may have in the good will, copyrights, formulae, trade name, book accounts, mailing lists, machinery and equipment now in and owned by the said Keystone Laboratories, as well as the right, title and interest, whatever the same may be, of the said Morris Shapiro in and to all subsidiary lines manufactured by the said Keystone Laboratories and including the said Morris Shapiro's interest in the Jean Noel Company, a corporation.

"This Bill of Sale is intended to, by both parties hereto, to divest the said

Morris Shapiro of any and all interest which he may have of whatever kind and character, in and to the said Keystone Laboratories or its subsidiary companies or subsidiary corporation, and vest the same in the said Joseph S. Menke."

| 2 | | |
|---|---|---|
| Cash on hand and in bank | $ 16,573.50 | |
| Cash overdraft | | $ 1,676.95 |
| Accounts receivable COD Keystone | 3,982.25 | |
| Darboux | 1,622.22 | |
| Lena | 2,619.28 | |
| Jean Noel, Inc. | 4,899.37 | |
| Inventories | 81,787.82 | |
| Deposits Mfs. P. L. | 24.21 | |
| Fixed Assets Real Estate | 4,000.00 | |
| Furniture and fixtures | 6,857.50 | |
| Laboratories | 1,776.98 | |
| Autos | 2,020.00 | |
| Allowance for depreciation | | 1,778.42 |
| Allowance for depreciation | | 414.63 |
| Allowance for depreciation | | 221.00 |
| Investments Jean Noel a/c | 1,535.93 | |
| Accounts payable | | 14,304.77 |
| Notes payable equipment | | 378.00 |
| Payroll | | 160.60 |
| Partnership investment | | 108,764.69 |
| | $127,699.06 | $127,699.06 |
| One-half of partnership investment, supra | | 54,382.35 |

tion presented to the Board for consideration, and which now forms the basis for this petition for review is whether the transfer and disposition by the taxpayer of his partnership interest gave rise to a sale or exchange of a capital asset resulting in a capital gain to him as claimed by the taxpayer or whether as claimed by the Commissioner the gain so derived by the taxpayer is taxable as ordinary income."

For the purposes of this case, we will assume that the assets sold by respondent were owned by the partnership or by him for the requisite period of time to bring the gain arising therefrom within the period of time which equals the percentum of the gain found by the Board to be taxable, on the theory that no question was raised by the parties before the Board or decided by it as to the length of time the assets in question had been held or owned by the partnership or respondent. General Utilities and Operating Company v. Helvering, 296 U.S. 200, 206, 56 S.Ct. 185, 80 L.Ed. 154; Helvering v. Salvage, 297 U.S. 106, 109, 56 S.Ct. 375, 80 L.Ed. 511; Helvering v. Tex-Penn Oil Company, 300 U.S. 481, 495, 57 S.Ct. 569, 81 L.Ed. 755.

The only question presented on the record is whether the sale of the assets of a partnership as a going concern is the sale of a capital asset as defined under Section 117(b) of the Revenue Act of 1934.

Petitioner presses the point that the issue depends primarily upon the extent to which a partnership is to be regarded as an entity, separate and apart from its members. In our opinion, a decision of this more or less troublesome question would throw no light on the present controversy. The case must be viewed as though the entire assets of the partnership with its value as a going concern added were sold. The fact that a one-half interest in the partnership assets and its good will only were sold has nothing to do with the issue, and the further fact that the sale was from one partner to another has no more to do with the question than if the sale had been made to a stranger. Munson v. Commissioner, 2 Cir., 100 F.2d 363.

The statute in question provides that "capital assets" means property held by the taxpayer. It excludes stock in trade of the taxpayer or other property which would be included in the business inventory of the taxpayer, or property held by him primarily for sale to customers in the ordinary course of business. The thing here sold was not within any of the statutory exclusions and it was held by the taxpayer.

The decision must turn on the meaning of the phrase, "capital assets" as that phrase is ordinarily understood. The term is not used in any technical sense, but in its natural and ordinary signification, and construing the phrase as used, it means all capital invested plus all surplus accounts or undivided profits left in the business for the purpose of accumulating and being used in the business and in addition such good will as had been established and accumulated over the years of its existence. The present partnership was dissolved by the sale under the fundamental principle that every change in the personnel of a firm works dissolution, and that an existing partnership is terminated and a new partnership formed whenever a partner retires or a new one is admitted, but where, as here, there is a sale of a part interest in the partnership as a going concern, no change is wrought in the character of the property sold.

It is fundamental in applying tax statutes that matters of substance are of first importance. The price paid for the property in question may have been based partly on assets excluded under the act from the phrase "capital assets" such as inventories or property held by the partnership primarily for sale to customers in the ordinary course of its trade or business, but the sale made by respondent was not a sale of those assets. It is a well settled rule of law that the joint effects of a partnership belong to the firm and not the partners and that a partner has no individual property in any specific assets of the firm, instead the interest of each partner in the partnership property is his share in the surplus, after the partnership debts are paid and after the partnership accounts are settled. Blodgett v. Silberman, 277 U.S. 1, 10, 48 S.Ct. 410, 72 L.Ed. 749. Respondent sold all of his interest in the partnership, tangible and intangible, as a going concern, which in all essentials is different from the ordinary assets of the partnership used in the usual course of its business. In the case of Kenan v. Commissioner of Internal Revenue, 2 Cir., 114 F.2d 217, 220, the court pointed out: "The purpose of the capital gains provisions of the Revenue Act of 1934 is so to treat an appreciation in value, arising over a period of years but realized in one year, that the tax thereon will roughly approximate what it would

have been had a tax been paid each year upon the appreciation in value for that year. Cf. Burnet v. Harmel, 287 U.S. 103, 106, 53 S.Ct. 74, 77 L.Ed. 199."

Cf. Dunigan v. Burnet, 62 App.D.C. 221, 66 F.2d 201. A like purpose is reflected in the act with reference to losses as shown by Section 117(d) thereof, limiting losses from sales or exchanges of capital assets to $2,000, plus the gain from such sales or exchanges. Stilgenbaur v. United States, 9 Cir., 115 F.2d 283.

■ It is clear from the history of the present partnership that the respondent's investment therein, which he sold appreciated in value over a period of years. Applying the statute in the light of its purpose, the asset which the respondent sold was a capital asset. The order of the Board is affirmed.