## SHAPIRO v. UNITED STATES.
### Civil Action No. 1425.

United States District Court
D. Minnesota, Fourth Division.
Feb. 5, 1949.

Hiram Z. Mendow, of Minneapolis, Minn., for plaintiff.

Theron Lamar Caudle, Asst. Atty. Gen., Andrew D. Sharpe and Maurice P. Wolk, Sp. Assts. to Atty. Gen., and John W. Graff, U. S. Atty., and William P. Murphy, Asst. U. S. Atty., both of St. Paul, Minn., for defendant.

NORDBYE, Chief Judge.

Plaintiff and Francis J. O'Brien, I. Coppe, and John C. Lobb purchased an apartment building under a contract for deed in September, 1938, and thereafter jointly operated the property as the Hillside Apartments Company for rental purposes. Each of the four owners claimed in their income tax returns an allowance for depreciation under Section 23(l) of the Internal Revenue Code, 26 U.S.C.A. § 23(l). A partnership return also was filed.

In addition to the apartment house, the same four individuals purchased jointly a relatively small amount of certain bonds of the Stevens Apartment Company. On or about December 27, 1940, plaintiff contracted to sell his "one fourth interest in the Hillside Apartments Company * * *" to Francis J. O'Brien, one of the other partners to the original purchase. On December 31, 1949, the sale was consummated by an "Assignment of Interest in Contract for Deed" in which plaintiff purportedly transferred to O'Brien plaintiff's interest in the contract for deed to the apartment building. Plaintiff retained his interest in the Stevens Apartment Company bonds.

Plaintiff reported his profit on his interest in the apartment building as gain from the sale of property other than a capital asset. Such a gain was taxed one hundred per cent. He reported the gain allocated to the land on which the building was located as a long term gain on a capital asset. Under the then law, it was taxed at fifty per cent.

On September 9, 1942, plaintiff filed a claim for refund of some of the taxes paid upon the apartment building sale. He claimed that he had actually sold his interest in the partnership, not his interest in the apartment property, to O'Brien, and that therefore the gain on the apartment house as well as on the land was a long term gain on a capital asset and should have been taxed at fifty per cent of the gain just as the land was. He filed an amended tax return which reflected the sale of the property as one of a partnership interest. The claim for refund was rejected, and this action was commenced within two years after the rejection.

Three issues are raised by the Government: (1) The apartment is not a capital asset. (2) A partner does not possess a "partnership interest" which itself is a capital asset, regardless of the nature of the partnership property. (3) In any event, the plaintiff sold an interest in a specific partnership asset, and did not sell a capital asset.

That the apartment property in question is not a capital asset may be assumed without decision. But in Commissioner v. Shapiro, 6 Cir., 125 F.2d 532, 144 A.L.R. 349, and McClellan v. Commissioner, 2 Cir., 117 F.2d 988, the Courts of Appeals for the Sixth and Second Circuits, respectively, held that the sale of a partnership interest was the sale of a capital asset. They paid no attention to whether the partnership property involved was itself a capital asset. See, also, Commissioner v. Lehman, 2 Cir., 165 F.2d 383, and Commissioner v. Whitney, 2 Cir., 169 F.2d 562. In the Shapiro case, supra, the court unanimously held, 125 F.2d at page 535:

"It is fundamental in applying tax statutes that matters of substance are of first importance. The price paid for the property in question may have been based partly on assets excluded under the act from the phrase 'capital assets' * * *, but the sale made by respondent was not a sale of those assets. It is a well settled rule of law that the joint effects of a partnership belong to the firm and not the partners and that a partner has no individual property in any specific assets of the firm, instead the interest of each partner in the partnership property is his share in the surplus, after the partnership debts are paid and after the partnership accounts are settled. * * * Applying the [tax] statute in the light of

its purpose, the asset which the respondent sold [his partnership interest] was a capital asset."

In McClellan v. Commissioner, supra, both realty and personalty were included in the specific partnership property affected. One of the partners withdrew from the partnership. The court in a per curiam opinion held, 117 F.2d at page 988:

"The effect of the retiring partner's withdrawal was to transfer to the other partners for continuance in the business his interest in the stock exchange seat and real estate. The Board correctly held that the transaction amounted to a sale of a capital asset to the remaining partners. This accords with the dictum in Bull v. United States, 295 U. S. 247, 254, 55 S.Ct. 695, 79 L.Ed. 1421, and with the decisions in Munson v. Commissioner, 2 Cir., 100 F.2d 363 and Stilgenbaur v. United States, 9 Cir., 115 F.2d 283."

Upon the basis of this persuasive authority and the reasons given therein, the Government's second contention must be overruled.

The Government's third contention likewise must be rejected. In Minnesota, like in most states which have enacted the Uniform Partnership Act, the partners each possess three property rights: (1) Rights in specific partnership property, (2) interest in the partnership, and (3) rights to participate in the management. 2 Minn.Stats., 1945, Section 323.23, M.S.A. Exhibit F, attached to the stipulation herein, apparently was intended as an Earnest Money Contract or a memorandum of the agreement between Shapiro and O'Brien, and it specifically declares that the sale is of Shapiro's "interest in the Hillside Apartments Company." It is clear that a sale of Shapiro's partnership interest was intended. For the Hillside Apartments Company apparently was the partnership. The Government contends, however, that this intent was not carried out, because Exhibit G, which also is attached to the stipulation, shows that only his interest in the contract for deed to the Hillside Apartments was assigned and therefore that only his interest in specific partnership property was assigned. But that assignment must be read in the light of all the facts and circumstances, including the other documents relevant to the same transaction and the apparent assumption that an effective sale of some interest was made.

No intent contrary to Exhibit F has been expressed. That is, neither Exhibit G nor any other document appears to declare that plaintiff herein intended or that O'Brien intended that plaintiff convey his interest in specific partnership property rather than in the partnership as originally intended. And in Minnesota a partner cannot assign his right in specific partnership property. If he does, the assignment is a nullity and void. 2 Minn.Stats., 1945, Section 323.24, M.S.A.; Windom Nat. Bank v. Klein, 1934, 191 Minn. 447, 450-452, 254 N. W. 602. To follow the Government's contention that plaintiff assigned his interest in a specific partnership property, therefore, would be to hold this assignment void despite the original intent to convey a partnership interest, despite the lack of clear evidence that that intent was changed, despite the apparent assumption that a valid sale was made, and despite the fact that a contrary holding would result in a transaction which would be valid and consistent with the intent originally expressed. Because the parties—Shapiro and O'Brien— did not couch their assignment in proper terms does not justify this Court's holding their transaction void when there exists evidence establishing a basis upon which the transaction can be consistent and valid.

Because plaintiff did not convey all of his partnership interest does not mean that he did not intend to convey any of it. Moreover, the passing of a partnership interest would contemplate the passing of claim to some of the specific property. See Commissioner v. Whitney, 2 Cir., 169 F.2d 562, McClellan v. Commissioner, supra, Commissioner v. Lehman, supra. And in the Shapiro case, supra, the transfer was to the remaining partners. It was a sale of a part interest in the partnership. Essentially, that is what is involved here. As stated in the Shapiro case, "matters of substance are of first importance" in applying tax statutes. The right to assign a partnership interest is clear in Minnesota. 2 Minn.Stats., 1945, Section 323.26, M.S.A. In Stilgenbaur v. United States, 9 Cir., 115 F.2d 283, cited by defendant, the specific property

assets may have been the subject of the transfer. But, as stated by the Court of Appeals for the Second Circuit in the Mc-Clellan case, supra, the Stilgenbaur case is in accord with the McClellan decision because the Stilgenbaur transfer was held to be a transfer of a capital asset. The Stilgenbaur case would not appear to require sustaining of the Government's position here. At page 287 of 115 F.2d, the court unanimously stated that, "A co-ownership in real and personal property [of a partnership] * * * is a capital asset * * *." if the property involved is saleable and sold. The Government here assumes that the specific asset allegedly assigned was saleable. The court in the Stilgenbaur case held the transfer one of a capital asset. The partnership statute involved in that case was the same as the Minnesota statute. Both statutes were taken from the Uniform Partnership Act of the Commission on Uniform Laws.

Upon these premises, therefore, the sale herein concerned was the sale of a capital asset and is taxable as such. Judgment for plaintiff seems proper.

Findings of fact and conclusions of law consistent herewith may be submitted by plaintiff upon five days' notice. An exception is allowed to the defendant.