Robert W. KEAN, as sole surviving Executor of the Last Will and Testament of Hamilton F. Kean, deceased, Plaintiff,

v.

John E. MANNING, United States Collector of Internal Revenue for the Fifth District of New Jersey, Defendant.

Civ. No. 783.

United States District Court,
D. New Jersey.

March 3, 1955.

Mitchell, Capron, Marsh, Angulo & Cooney, New York City, for plaintiff.

Raymond Del Tufo, Jr., U. S. Atty., Newark, N. J., for defendant.

SMITH, District Judge.

This is an action for the recovery of an income tax deficiency and the inter-

est thereon, assessed and collected under the Revenue Act of 1938, 52 Stat. 447 et seq. The pertinent provisions of the Act are quoted in the appendix hereto annexed. The complaint alleges and the answer denies that the taxes were illegally assessed and collected. The action is before the Court on a stipulation of facts, and the only issue presented for determination is one of law. The issue appears to be novel and is not entirely free from difficulty.

### Summary of Facts.

#### I.

The decedent Hamilton F. Kean was, prior to his death on December 27, 1941, a general partner in the brokerage firm of Kean, Taylor & Company. The partnership was organized pursuant to a written agreement, a true copy of which is annexed to the complaint, for a term of one year, and succeeded "to the assets and business of a partnership" theretofore existing under the same name. The agreement expressly provided for the termination of the partnership on December 31, 1941.

#### II.

The sixth paragraph of the partnership agreement reads as follows: "No partner shall retire from the partnership without giving ninety days written notice thereof. In the event of the death of any partner, other than Hamilton F. Kean, his interest in the firm shall terminate at the close of business On The Last Business Day Of The Month In Which His Death Shall Occur, at which time a balance shall be struck, and the interest of each partner shall be ascertained. In case of the decease of the said Hamilton F. Kean, his capital shall remain in the business for The Life Of The Partnership As A Special Partner, and his estate shall be entitled to four (4%) per centum interest and twelve (12%) per centum of the profits, or losses to the amount of his capital, Calculated From The Same Date And In The Same Manner As Specified Above. The surviving partners shall have the right to terminate his interest in the firm by the payment to his estate of the amount of his interest in the firm, upon one month's notice in writing to his executors. In no case, however, shall any estimate be put upon the good will or firm name in ascertaining the amount due any partner or the estate of any deceased partner." (Emphasis by the Court).

#### III.

Pursuant to the terms of the agreement the partnership business was continued, notwithstanding the earlier death of the decedent, until December 31, 1941; the capital of the decedent was permitted to remain in the business "as a special partner." The capital interest of the decedent was valued by the surviving partners at $446,220.68, and this valuation was apparently accepted by his executors upon settlement of the accounts between them and the surviving partners. It should be noted that the correctness of this valuation is not conceded by the Government.

#### IV.

The executors of the decedent's estate filed an income tax return for the taxable year which ended with decedent's death on December 27, 1941. They claimed as deductions, in addition to others not here in question, a loss from partnership in the amount of $63,960.22, determined as of December 31, 1941, the end of the partnership term. The losses claimed as deductions were based upon the purported depreciation in value of assets held in the capital account of the partnership, to wit, securities, New York Stock Exchange seat, and New York Curb Exchange seat. These assets were neither sold nor exchanged; they were retained in the capital account during the life of the partnership.

#### V.

The claimed deductions were disallowed by the Collector of Internal Revenue upon audit of the income tax return, and, upon adjustment there was included in the income of the decedent "taxable income from the partnership" in the amount of $19,071.92. A tax

deficiency, which included taxes and interest, was assessed and the full amount of the assessment was paid to the Collector of Internal Revenue upon notice and demand. Thereafter the executors filed a claim for refund, which was rejected. The present action followed.

### Discussion.

The executors of the decedent's estate here claim as a deductible loss, as they did in the claim for refund, a sum equal to the depreciation of the decedent's interest in the partnership, based on the purported depreciation in the value of the capital assets held by the partnership. This loss is claimed as an accrued loss within the meaning of Section 43 of the Act. The contention is here made, as we understand the argument of the plaintiff, that the loss should be treated as an ordinary loss "incurred in trade or business" within the meaning of Section 23(e) (1) of the Act. We cannot agree with this contention.

■ The decedent was not the owner of an undivided interest in specific property. It is clear that under the applicable law he was "co-owner with his partners of specific partnership property holding as a tenant in partnership" and that his interest in the partnership was "his share of the profits and surplus and the same (was) personal property." 38 McKinney's Consolidated Laws of New York, Partnership Law, §§ 51 and 52; See Commissioner of Internal Revenue v. Lehman, 2 Cir., 165 F.2d 383, 384 and 385, 7 A.L.R.2d 667; Commissioner of Internal Revenue v. Shapiro, 6 Cir., 125 F.2d 532, 535, 144 A.L.R. 349; Costello v. Costello, 209 N.Y. 252, 103 N.E. 148, 151. This interest, upon the death of the decedent, vested in his executors by operation of law.

■■ The partnership interest held by the decedent at the time of his death was a capital asset within the meaning of Section 117(a) of the Act. See Hatch's Estate v. Commissioner of Internal Revenue, 9 Cir., 198 F.2d 26, 28 et seq.; Commissioner of Internal Revenue v. Smith, 5 Cir., 173 F.2d 470; United States v. Landreth, 5 Cir., 164 F.2d 340. We are of the opinion that an appreciation in the value of this asset during the taxable year, unrealized by sale, exchange or other disposition, would not have been includible in the individual tax return of the decedent either as "accrued" income within the meaning of Section 42 of the Act or "capital gain" within the meaning of Section 117 of the Act. We are further of the opinion that a depreciation in the value of this asset during the taxable year, unrealized by sale, exchange or other disposition, was not deductible as an "accrued" loss within the meaning of Section 43 of the Act or a "capital loss" within the meaning of Section 117 of the Act. As to any loss which might have accrued, or been realized, subsequent to the death of the decedent taxpayer, it is beyond the question herein raised.

### Conclusion.

The defendant is entitled to judgment in his favor for reasons herein stated.

### Appendix.

Pertinent Provisions of the
"Revenue Act of 1938"
52 Stat. 447 et seq., 26 U.S.C.A.

"§ 21. Net income

" 'Net income' means the gross income, computed under section 22, less the deductions allowed by section 23."

"§ 22. Gross income

"(a) General Definition. 'Gross income' includes gains, profits, and income derived from * * *, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, * * *."

"§ 42. Period in which items of gross income included

"The amount of all items of *gross income* shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under section 41, any such amounts are to be properly accounted for as of a different

period. In the case of the *death of a taxpayer* there shall be included in *computing net income for the taxable period in which falls the date of his death, amounts accrued up to the date of his death* if not otherwise properly includible in respect of such period or a prior period." (Emphasis by the Court.)

"§ 43. Period for which deductions and credits taken

"The deductions and credits * * * provided for in this title shall be taken for the taxable year in which 'paid or accrued' or 'paid or incurred', dependent upon the method of accounting upon the basis of which the net income is computed, unless *in order to clearly reflect the income* the deductions or credits should be taken as of a different period. In the case of the *death of a taxpayer* there shall be allowed as deductions and credits for the taxable period in which falls the date of his death, *amounts accrued up to the date of his death * * * if not otherwise properly allowable* in respect of such period or a prior period." (Emphasis by the Court.)

"§ 117. Capital gains and losses

"(a) Definitions. As used in this title—

"(1) Capital assets.—The term 'capital assets' means property held by the taxpayer (whether or not connected with his trade or business), but does not include stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business, or property, used in the trade or business, of a character which is subject to the allowance for depreciation provided in section 23(*l*); * * *

"(3) Short-term capital loss.—The term 'short-term capital loss' means loss from the *sale* or *exchange* of a capital asset held for not more than 18 months, if and to the extent such loss is taken into account in computing net income. (Emphasis by the Court.)

"(5) Long-term Capital loss.—The term 'long-term capital loss' means loss from the *sale* or *exchange* of a capital asset held for more than 18 months, if and to the extent such loss is taken into account in computing net income." (Emphasis by the Court.)

"§ 181. Partnership not taxable

"Individuals carrying on business in partnership shall be liable for income tax only in their individual capacity."

"§ 182. Tax of partners

"In computing the net income of each partner, he shall include, whether or not distribution is made to him—

"(a) As a part of his short-term capital gains or losses, his distributive share of the net short-term capital gain or loss of the partnership.

"(b) As a part of his long-term capital gains or losses, his distributive share of the net long-term capital gain or loss of the partnership.

"(c) His distributive share of the ordinary net income or the ordinary net loss of the partnership, computed as provided in section 183(b)."