(No. 20749.—

JOHN F. LUETH, Appellant, *vs.* HARRY GOODKNECHT *et al.* Appellees.

*Opinion filed June 18, 1931—Rehearing denied October 9, 1931.*

198

John H. Beckers, for appellant.

W. H. Dyer, for appellees.

Mr. Chief Justice Stone delivered the opinion of the court:

This is an appeal from a judgment for the defendants in the county court of Kankakee county in a suit on a promissory note in the principal sum of $241, given to the partnership of Lueth Bros., of which appellant is the surviving partner. The appeal is brought to this court because the constitutionality of sections 1, 2 and 4 of the Evidence act is said to be involved.

In the trial court the evidence showed that appellant, John Lueth, and George C. Lueth, deceased, were partners in the implement business under the firm name of Lueth Bros. The note was dated June 17, 1920, and was by its terms due on or before one year after date. On February 19, 1927, prior to the bringing of this suit, George C. Lueth died. The defense was payment to George C. Lueth. Appellee Harry Goodknecht was permitted, over objection, to testify concerning the payment of the note a few days after its date. In this he was corroborated by the testimony of his brother, Albert Goodknecht. This testimony was also received over the objection of appellant.

It is contended here that sections 1, 2 and 4 of the Evidence act are unconstitutional in that they are not uniform in operation upon all persons and property similarly situated. Section 1 of the Evidence act provides that no person shall be disqualified as a witness in any civil action, suit or proceeding by reason of his or her interest in the event thereof, as a party or otherwise, except as in the act provided. Sections 2 and 4 are limitations on section 1. By section 2 no party or person directly interested in the event of any civil suit shall be allowed to testify when the adverse party sues or defends as conservator of an incompetent person, or as trustee, executor, administrator, heir, legatee or devisee of any deceased person. By section 4 it is provided as to actions by or against surviving partners, that no adverse party or person adversely interested in such suit shall be competent to testify to any admission or conversation by any deceased partner unless one or more of the surviving partners were also present at the time of such admission or conversation. The argument is that by these provisions of the Evidence act an adverse party to a suit brought by a surviving partner may testify to any matter except admissions or conversations of the deceased partner when no other partner was present, whereas under section 2 a person directly interested in the event of the suit may not testify where the adverse party sues or defends in any capacity therein named, and that the act therefore contravenes the constitutional requirement of uniformity.

It is conceded, as indeed it must be, that a law is not to be regarded as class legislation merely because it affects one class and not another, provided it affects all members of the same class alike. Classifications of persons or objects for purposes of legislative regulation are not open to constitutional objection if they be not arbitrary but are based upon some substantial difference bearing proper relation to the classification. It is argued, however, that there is here no substantial difference justifying a classifi-

cation and legislative treatment of a partnership estate as distinguished from the personal estate of a deceased person. With this we cannot agree. A partnership estate is *sui generis*. While partnership property has many characteristics of an estate in common and of joint tenancy, yet the interests of the partners in the firm property is neither that of joint tenants nor of tenants in common. Each is possessed of a joint interest in the whole but does not own any separate part of partnership property. Each has an undivided interest in the property of the partnership only after the debts are paid. (*Morrison* v. *Austin State Bank,* 213 Ill. 472; *Taft* v. *Schwamb,* 80 id. 289; *Rainey* v. *Nance,* 54 id. 29.) These distinctive characteristics of a partnership estate afford ample basis for the classification made by the Evidence act. It may be also observed that the competency of the surviving partner to testify affords a further distinction as basis for legislative classification. The necessity for protection of the personal estate of a deceased person, on which section 2 of the act is based, does not to the same degree obtain in the case of a partnership estate. The act is not open to the constitutional objection raised.

It is also argued that though section 4 of the Evidence act be not unconstitutional, the defendants and their witnesses, by reason of the language of section 4, were incompetent to testify concerning the contents of a receipt which Harry Goodknecht stated was given him on payment of the note. This objection arises in this manner: Appellee Harry Goodknecht and his brother testified that they went to the place of business of Lueth Bros., where they found George C. Lueth, since deceased, and there paid him the full amount of the note; that George C. Lueth looked for the note but was unable to find it, and that he gave a receipt for the payment. Harry Goodknecht testified that he had lost the receipt, and was permitted, over objection, to testify that its content was in effect a receipt for the pay-

ment in full of the note. He stated that he did not recall just the words it contained. It is argued that admission of this testimony was error, in that it permitted Harry to testify concerning an admission of a deceased partner when the surviving partner was not present, contrary to the limitations of section 4 of the act. If such testimony is to be considered evidence of an admission of the deceased partner this contention is sound. It is not contended that the receipt, had it been produced, would not have been competent as evidence of the transaction, and we are unable to see any difference, in principle, between the introduction of the receipt itself and secondary evidence of its contents. The purpose of the secondary evidence rule is to permit the party to show just what would be shown by the instrument itself. We are of the opinion that when proper ground has been laid, evidence of contents of an instrument issued under circumstances such as here described is competent, not as evidence of an admission but as evidence of the transaction. In *Helbig* v. *Citizens' Ins. Co.* 234 Ill. 251, objection was raised to the introduction of testimony under the limitation of section 4 relating to agency. The act contains a similar restriction concerning the testimony of one who has contracted with an agent of an adverse party, the agent having since died. The limitation in such case is expressed in the act by the use of the language, "shall not be a competent witness as to any admission or conversation between himself and such agent." It was there objected that under that provision evidence of a transaction with the agent was not competent. This contention was not sustained, and it was pointed out that prior to the amendment of 1899 the act prohibited evidence of any "conversation or transaction" with such deceased agent, and it was held that the amendment of 1899 which struck out the word "transaction" and inserted the word "admission" evidenced an obvious legislative intention to permit transactions between the deceased agent and the adverse party to be proved

but to prevent proof of any admission of or conversation with such agent. The analogy between the provisions of that section relating to testimony of transactions with deceased agent and those of a deceased partner is complete. We are of the opinion that section 4 of the act does not prevent the testimony admitted.

It is also argued that sufficient ground was not laid to render secondary evidence of the contents of the receipt admissible. Appellee Harry Goodknecht testified that he had kept the receipt for two or three years in a box; that he had stored this box and his household goods with one Willman, a warehouseman, and that when he later took out his goods he sold this box and other articles to Willman. Willman testified that this box contained a number of canceled checks, bank books and like papers, which were later burned by him. This laid sufficient ground for introduction of secondary evidence of the contents of the receipt.

Counsel also argues that the verdict of the jury is contrary to the weight of the evidence. That issue was for the jury. Both Albert Goodknecht and his brother testified to the payment of this note in 1920. George C. Lueth died in 1927. Suit was brought in June, 1930. Appellant offered in evidence the partnership books, which did not show the payment of this note but showed it as remaining on the note register. He also testified that about the time when it was claimed this note was paid George C. Lueth was in ill-health and was not frequently at their place of business. Appellant also testified that he had a conversation with Albert Goodknecht in 1927 in which the latter promised to pay the note. This was denied by Albert. The question of fact was one for the jury, and the trial court did not err in refusing to set aside their verdict.

The record is without error requiring reversal of the judgment, and it will therefore be affirmed.

*Judgment affirmed.*