## McCLELLAN et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 169.

Circuit Court of Appeals, Second Circuit.

March 3, 1941.

William R. Spofford, Thomas Burns Drum, and Charles S. Jacobs, all of Philadelphia, Pa. (Ballard, Spahr, Andrews & Ingersoll, of Philadelphia, Pa., of counsel), for petitioners.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Arthur A. Armstrong, Sp. Assts. to Atty. Gen., for respondent.

Before SWAN, AUGUSTUS N. HAND and CHASE, Circuit Judges.

PER CURIAM.

The question presented is whether a loss sustained by a partner upon withdrawing from a partnership in 1934 is an ordinary loss or a capital loss. The Board held it to be the latter, limited by section 117(d) of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev. Acts, page 708, to $2,000. McClellan v. Commissioner of Internal Revenue, 42 B.T.A. 124. The articles of partnership provided that upon the death or withdrawal of a partner the stock exchange seats and real estate owned by the partnership should be revalued as of the end of the year. Such revaluation resulted in a loss in the amount claimed by the petitioners in their joint return. The effect of the retiring partner's withdrawal was to transfer to the other partners for continuance in the business his interest in the stock exchange seat and real estate. The Board correctly held that the transaction amounted to a sale of a capital asset to the remaining partners. This accords with the dictum in Bull v. United States, 295 U.S. 247, 254, 55 S.Ct. 695, 79 L.Ed. 1421, and with the decisions in Munson v. Commissioner, 2 Cir., 100 F.2d 363 and Stilgenbaur v. United States, 9 Cir., 115 F.2d 283. Helvering v. Smith, 2 Cir., 90 F.2d 590, is not to the contrary. There the payments to the retiring partner represented only his share in past earnings and not as here, his interest in the partnership assets.

Order affirmed.