### KESSLER v. UNITED STATES.

#### No. 7705.

Circuit Court of Appeals, Third Circuit.

Argued Oct. 7, 1941.

Decided Nov. 26, 1941.

As Amended on Denial of Rehearing Dec. 19, 1941.

James P. Garland, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, and Helen R. Carloss, Sp. Assts. to the Atty. Gen., and Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa., on the brief), for appellant.

Michael A. Coll, of Philadelphia, Pa., for appellee.

Frederick E. S. Morrison, of Philadelphia, Pa. (Drinker, Biddle & Reath, of Philadelphia, Pa., on the brief), amici curiæ.

Before MARIS, JONES, and GOODRICH, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal by the government from a judgment for the plaintiff in a suit brought in the District Court for the Eastern District of Pennsylvania for the recovery of income taxes alleged to have been erroneously assessed and collected. The plaintiff had acquired a 5% interest in the partnership of N. W. Ayer & Son, an advertising agency, by purchase on January 1, 1920. Later he acquired additional interests not here material. On April 29, 1929 N. W. Ayer & Son, Inc., was formed and received all the assets formerly held by the partnership. All but a very small portion of these assets had been acquired by the partnership within two or three years prior thereto. The plaintiff received out of the total issue of corporate stock a number of shares proportionate to his interest in the partnership. In 1934 he sold these shares of stock at a gain. In his income tax return for that

year the plaintiff returned 40% of the capital gain from the sale as taxable net income and paid the tax thereon. Thereafter he filed a claim for the refund, inter alia, of so much of the tax as would not have been payable if only 30% of the gain from the sale of the stock representing his original 5% interest had been included as taxable net income. The refund was refused and the plaintiff brought the present suit to recover the amount claimed.

Section 117 of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts ·p. 707, governs the computation of net income derived from the sale of a capital asset. Subparagraph (a) provides that in the case of a capital asset held for more than one year only a percentage of the gain resulting from its sale is to be taken into account in computing taxable net income. The amount of this percentage is ascertained by determining the length of time the capital asset has been held by the taxpayer. For example, if he has held the capital asset for more than five years but not more than ten years only 40% of the capital gain is to be taken into account; if for more than ten years 30%.[1] Subparagraph (c) (1) of Section 117 provides: "In determining the period for which the taxpayer has held property received on an exchange there shall be included the period for which he held the property exchanged, if under the provisions of section 113, the property received has, for the purpose of determining gain or loss from a sale or exchange, the same basis in whole or in part in his hands as the property exchanged."

■ The exchange involved in the acquisition by the plaintiff of the stock here involved was unquestionably a nontaxable exchange which came within the provisions of Section 113, 26 U.S.C.A. Int.Rev. Acts, page 696. The plaintiff was, therefore, entitled under Section 117(c) (1) to

tack onto the period during which he held the stock the additional period during which he had held the property exchanged for the stock. The real question in dispute in this case is: What was the property exchanged? Was it the plaintiff's partnership interest, as he contends, or was it his interest in the assets of the partnership, as the government urges? If it was the partnership interest, which the plaintiff acquired in 1920, he would be entitled to compute his gain on a 30% basis. On the other hand if it was his interest in the partnership property which he exchanged he would be required, since that property was nearly all acquired by the partnership after 1925, to use a 40% basis.

■ It is argued by the government that the partnership interest could not have been the subject of an exchange between the plaintiff and the corporation. This we need not decide, however, for the verb "exchange" is not restricted in meaning to the idea of an interchange but includes as well the thought of merely giving up something in consideration of the receipt of something else.[2] Thus the plaintiff might have given up his partnership interest in exchange for the stock even though that interest as such did not pass to the corporation. Holding that the plaintiff's partnership interest was the property exchanged the district court reached the conclusion that this interest constituted property distinct from the partner's share in the partnership assets and that, since that interest had been acquired by the plaintiff in 1920, he was entitled to treat the stock as having been held for more than ten years and to report for taxation only 30% of the gain realized upon its sale. The court's conclusion was based upon the premise that the evidence established that the plaintiff did exchange his partnership interest rather than his share in the partnership assets. Since, as will appear, this premise is not

---

1 "§ 117. Capital Gains and Losses
"(a) General Rule. In the case of a taxpayer, other than a corporation, only the following percentages of the gain or loss recognized upon the sale or exchange of a capital asset shall be taken into account in computing net income:
"100 per centum if the capital asset has been held for not more than 1 year;
"80 per centum if the capital asset has been held for more than 1 year but not for more than 2 years;
"60 per centum if the capital asset has

been held for more than 2 years but not for more than 5 years;
"40 per centum if the capital asset has been held for more than 5 years but not for more than 10 years;
"30 per centum if the capital asset has been held for more than 10 years."

2 "Exchange * * * 1. To part with, give, or transfer to another in consideration of something received as an equivalent." Webster's New International Dictionary, Second Edition Unabridged, p. 889.

supported by the evidence it is unnecessary for us to pass upon the conclusions which the court drew from it.

█ It was only by producing evidence which established the factual premise adopted by the District Court that the plaintiff could overcome the presumption that the Commissioner's assessment was correct and meet the burden of proof which the law imposes upon every taxpayer who seeks the recovery of taxes already paid.[3] The sole evidence upon which the plaintiff relies to meet this burden of proof is a brief stipulation of facts. The only portion of the stipulation which deals with the exchange states the following to be the facts: "On or about May 1, 1929, a corporation was formed known as N. W. Ayer & Son, Inc. That corporation received the property formerly held by the partnership. Plaintiff herein received in 1929, in exchange for property turned over to the corporation, 76,106 shares of stock of N. W. Ayer & Son, Inc."

█ This stipulation leaves us almost completely in the dark as to what property it was that the plaintiff exchanged for the stock. The government suggests that under the stipulated facts the partnership may well have distributed its assets to the partners in kind in liquidation and that thereupon the partners joined in transferring the assets so received to the corporation which gave each of them shares of stock in exchange. This is perhaps the most reasonable inference to be drawn from the stated facts, since it is stipulated that the property exchanged was "turned over to the corporation" and the only immediately preceding reference to property is to "the property formerly held by the partnership." If this is what actually took place the property exchanged by the plaintiff was the specific partnership property, not the plaintiff's partnership interest, and the plaintiff is not entitled to recover. The District Court, on the other hand, seems to have inferred that the stipulated "property turned over to the corporation" was the plaintiff's partnership interest, not the partnership property. We do not think that it can fairly be said that the stipulated facts support this inference rather than that contended for by the government. At best

either inference is purely speculative. The District Court found the facts to be as they were stipulated. We accordingly conclude that the court's findings of fact do not support its conclusions of law and the judgment in favor of the plaintiff entered thereon.

Included in the judgment appealed from is the sum of $1,486.15 representing an amount which the Government concedes was overpaid by the plaintiff for the year 1934 and which is not involved in the present appeal. Accordingly the judgment of the district court in favor of the plaintiff is modified by reducing it from $3,212.78 to $1,486.-15 with interest from March 15, 1935.

JONES, Circuit Judge, (dissenting).

The partners of N. W. Ayer & Son, of whom the present plaintiff was one, became the owners, in like proportional interests, of the whole of the capital stock of a corporation known as N. W. Ayer & Son, Inc., which, as stipulated at the trial below, "received the property formerly held by the partnership". The trial court found that "On May 21, 1929, the partners formed a corporation, to which they conveyed the partnership assets, taking stock in proportion to their respective interests in the partnership." This finding is neither assigned for error nor is it otherwise complained of.

On the basis of the finding thus made, the court below concluded, as a matter of law, that the plaintiff partner, upon sale of his stock interest in the corporation in 1934, could tack on the period of time during which he had held his partnership interest to the period during which he had held his stock interest in the successor corporation, for the purpose of determining the percentage of capital gain subject to tax under § 117(a) and (c) of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev. Acts, p. 707.

The majority of this court, while conceding the validity of the rule of law which the court below applied, deny any basis in fact for the rule's applicability to the instant case on the ground that, under the stipulated facts, it may be that the assets of the partnership were first divided among and transferred to the partners individual-

---

[3] "As the suit is brought to recover taxes already paid, the presumption is that they were lawfully assessed and the burden rests on the taxpayer to prove the facts which establish their illegality." Mr. Justice Stone in Phillips v. Dime Trust & S. D. Co., 284 U.S. 160, 167, 52 S.Ct. 46, 48, 76 L.Ed. 220.

156

ly according to their respective interests and that the several partners, as the individual owners of the specific property which constituted the erstwhile assets of the partnership, then transferred such assets to the corporation. This assumption appears to me to be wholly gratuitous in the light of the facts found by the trial court. But, even if the assumption were a permissible inference, it was never more than an inference and by no means an exclusive one. In such a circumstance, the case should be returned to the court below for more revealing proofs to the end that the matter might be decided upon no less than what were the actual facts which, presumably, the parties had undertaken to stipulate. The fact that the parties essayed to stipulate the material facts makes it plainly evident that what they intended to submit for court adjudication was the controverted question of law involved and not a dispute of fact. However, I think that the learned judge of the District Court correctly applied the pertinent law to a factual situation which he competently found and which is not disputed. I should, therefore, affirm the judgment.