Estate of William T. Jones, Deceased, by O. H. Moberly, William T. Jones, Jr., Ida M. Jones, Executors v. Commissioner.
Estate of Jones v. Commissioner
Docket No. 112593.
United States Tax Court
1944 Tax Ct. Memo LEXIS 381; 3 T.C.M. (CCH) 97; T.C.M. (RIA) 44028; February 5, 1944
*381 William H. Biggs, Esq., 319 N. Fourth St., St. Louis, Mo., for the petitioners. Richard A. Jennings, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion Respondent determined a deficiency in the income tax of decedent for the year 1940 in the sum of $3,394.52. Several errors were alleged in the petition, but all have been waived except one. The sole question which remains in the case is whether the respondent erred in taxing as ordinary income, rather than as a capital gain, the sum of $10,776.60 received by decedent upon his withdrawal from a partnership engaged in the practice of law. Findings of Fact The parties have filed herein a written stipulation of facts and we find the facts to be as stipulated. For the purpose of presenting the question to be decided, they may be summarized as follows: William T. Jones, deceased, filed his income tax return for the calendar year 1940 with the collector of internal revenue at Saint Louis, Mo. The return was filed on a cash basis. On January 1, 1927 the decedent, together with W. Frank Carter, Emmet T. Carter, John R. Turney, Robert Burkham, and two other men were members of the law firm of Carter, Jones and Turney. *382 As such they entered into a written agreement, the pertinent parts of which are as follows: "The undersigned members of the law firm of Carter, Jones and Turney hereby agree each for himself, his heirs, executors or administrators, that in the event of the death of any member of the firm his heirs, executors or administrator shall receive from the firm a sum equal to one-half of the amount actually received by such deceased partner during the two calendar years next preceding such death, said sum to be paid in equal monthly installments without interest, for a period of twelve months, the first installment to be due and payable on the first of the next month after such death. Such payment shall be in lieu of all interest which the heirs, executors or administrators of such deceased partner may have in any fees received by the firm subsequent to the date of such death (whether the services for the rendition of which such fees were received were performed either prior or subsequent to such death), and in full payment of the interest of such deceased partner in the library and office equipment of the firm. "Each member of the firm hereby agrees in the event of his death that no administration *383 of the firm or its assets shall be required and waives all right thereto and agrees that the payment made to his heirs, executors or administrators by the survivors as above provided, shall be taken and received by them in full payment for his interest in the firm and its assets. "In the event that any member of the firm shall become physically disabled through disease or injury, rendering it impossible for him to perform his duties as a member of the firm, he shall receive during the continuance of such disability and for a period not longer than one year after the beginning of such disability the same share in the profits of the firm as he would be entitled to receive had he been able to perform his duties as a member of the firm. If any member of the firm so becoming disabled shall die before the expiration of one year after the beginning of such disability, his heirs, executors or administrators shall receive the monthly sums hereinabove provided in the event of death only, however, from the date of his death until one year after the beginning of such disability. If any member of the firm so becoming disabled shall so remain for a period of one year he shall thereupon cease to *384 be a member of the firm and the payment therefor made to him shall be in complete satisfaction of all of his rights as a member of the firm, of all rights to share in any fees thereafter received (whether the services for the rendition of which such fees were received were performed either prior to or subsequent to the date on which he ceased to become a member of the firm) and of his interest in the library and office equipment of the firm. "In the event that any partner not being disabled as above defined shall sever his connection with the firm, and if a majority of the partners remain and thereafter continue to practice law as partners, the partner so severing his connection with the firm shall receive from the majority remaining a sum equal to three-eighths of the amount actually received by him during the two calendar years next preceding the severance of his connection with the firm, said sum to be paid in equal monthly installments without interest, for a period of twelve months, the first installments to be due and payable on the first of the next months after such partner severs his connection with the firm. Such payments shall be in lieu of all interest which such partner *385 may have in any fees received by the firm subsequent to the date of such severance from the firm (whether the services for the rendition of which such fees were received were performed either prior or subsequent to such severance) and in full payment of the interest of such partner in the library and office equipment of the firm. "No disabled or retiring member of the firm or the heirs, executors, administrator or assigns of any deceased member shall have the right to any accounting from the firm." This partnership was dissolved numerous times by the retirement or death of several of the original partners, but at each dissolution the remaining or surviving partners created a new partnership and continued the practice of law under the name of Carter, Jones and Turney. In May 1933 John R. Turney withdrew from the firm and from that time until December 1939 the decedent, together with W. Frank Carter, Emmet T. Carter and Harold R. Small (who was admitted to the firm on or about January 1, 1930) operated as a law firm under the name of Carter and Jones. The agreement of January 1, 1927, from which we have quoted above, has been the applicable agreement throughout the various partnerships *386 and was the agreement applicable to the firm of Carter and Jones. The sole source of income of the partnership was from fees paid for work done in connection with legal matters handled by the firm. In 1938 and 1939 payments were made by the firm to the decedent in the total amounts of $28,737.73. For several years before January 1, 1940 the firm had been engaged in important litigation which had been completed by that date but the full amount of the fees due to the firm on account thereof had not been collected. It was agreed between decedent and the other partners that this fee of $47,000, subsequently received for the services of this firm in this litigation, should be considered as a part of the firm's earnings for the year 1939 as far as the determination of decedent's participation in the firm's earnings was concerned. When this fee was actually collected in 1940 decedent received $11,750 as his share. On or about December 31, 1939 the decedent withdrew from the firm of Carter and Jones. A controversy then arose between decedent and the remaining members of the firm with regard to the proper amounts of the firm's earnings for 1939. The controversy was whether the full amount *387 of the fee above referred to should be included in the earnings for the year 1939. It was finally agreed that decedent should receive $11,750 as his share of the fee above referred to, but that the total amount of the fee should be excluded from the earnings of the firm for the year 1939 for the purpose of computing the amount payable to decedent under the agreement of January 1, 1927. The amount thus computed and paid to decedent in 1940 for his interest under the partnership agreement was $10,776.60. Petitioners admit that the payment of $11.750 should be considered as ordinary income to decedent but contend that the payment of $10,776.60 constitutes capital gain and should be taxed as such. In his notice of deficiency respondent determined that the decedent received $10,776.60 upon his retirement from the firm of Carter and Jones in consideration of his interest in the uncollected fees as of December 31, 1939, together with his interest in the library and office equipment of the firm; that the decedent's basis for gain or loss upon this payment amounted to $40,005.57; that the decedent realized ordinary income in the amount of $6,601.10 on account of the receipt of the aforesaid *388 $10,776.60 payment; and that the decedent received ordinary income in the amount of $11,750 as his share of the fee referred to above. The only capital assets of the firm of Carter and Jones as of December 31, 1939 consisted of a law library and certain office equipment. There were also outstanding uncollected claims for services rendered by members of the aforesaid firm prior to the year 1940. All of such fees were collected during the calendar year 1940 and included in the return filed for the partnership for that year. After decedent's withdrawal from the firm of Carter & Jones on December 31, 1939, decedent and William H. Biggs formed a copartnership to engage in the practice of law in St. Louis, Mo., under the firm name of Jones and Biggs. During all of the calendar year 1940 decedent was a member of that firm and engaged in the practice of law. Jones and Biggs' clientele consisted in part of clients of the decedent while he was a member of the firm of Carter and Jones. Opinion KERN, Judge: This is the second case to come before us involving the same partnership agreement and requiring a characterization for tax purposes of sums paid pursuant thereto. W. Frank Carter et al., 36 B.T.A. 60. *389 In that case we upheld respondent's determination that amounts paid to the estate of a deceased partner pursuant to the provisions of the partnership agreement quoted in our findings were the price paid by the surviving partners in purchasing the partnership interest of the deceased partner, and not, as the petitioners there contended, a distribution of that portion of the fees of the partnership which was due the decedent's estate and was received by the partnership as trustee for such estate. In spite of the ingenious brief filed by the able counsel for respondent, we are unable to distinguish the problem involved in that case from that involved in the instant case. The facts that in this case the partner receiving payment withdrew from the firm voluntarily while living instead of involuntarily by death, and received an amount equal to three-eighths of the amounts received by him as a partner for the two years previous to his withdrawal instead of one-half of such amounts, seem to us to be immaterial. The material and salient facts are that a partner withdrew from the firm, that thereupon the withdrawing partner, or, if dead, his personal representatatives, had an immediate right *390 to the payment of a definite sum upon the payment of which neither he, nor, if dead, his personal representatives had any interest in the partnership assets or any right to an accounting. We therefore conclude that the sum of $10,776.60, which was paid to decedent during the taxable year by the remaining members of the law firm from which he withdrew as a partner, was paid by them in the purchase of decedent's partnership interest and that this amount must be taxed to decedent as capital gain. Upon this issue we decide in favor of petitioner. Decision will be entered under Rule 50.