**ALLEN, Collector of Internal Revenue, v. FIRST NAT. BANK & TRUST CO. IN MACON.**

**No. 11708.**

Circuit Court of Appeals, Fifth Circuit.

Oct. 25, 1946.

Douglas W. McGregor, Asst. Atty. Gen., Arthur L. Jacobs and Sewall Key, Sp. Assts. to Atty. Gen., and John P. Cowart, U. S. Atty., of Macon, Ga., for appellant.

T. Baldwin Martin and Cubbedge Snow, both of Macon, Ga., for appellee.

Before HOLMES, WALLER, and LEE, Circuit Judges.

HOLMES, Circuit Judge.

The question presented on this appeal is whether an item of $35,000 received by the taxpayer was anticipatory income from corpus held in trust for the benefit of the taxpayer during her life or was paid to her by the remainderman in consideration of the sale, transfer, and release to him of her equitable life-interest therein.

The Commissioner held that the entire sum of $35,000 was includible as ordinary gross income under Section 22(a) of the Revenue Act of 1938, 26 U.S.C.A. Int.Rev. Code, § 22(a). The facts were stipulated, and the court below held that the amount received represented the purchase price for the sale of a capital asset. D.C., 65 F.Supp. 128.

The taxpayer was the beneficiary for life of a testamentary trust created by the will of her husband. There is no question here about the taxability of current income from the trust. The question here is whether the taxpayer merely assigned future income or parted with title to the corpus of the estate from which income was expected to be produced. We agree with the court below that she sold her entire life interest in trust property. Blair v. Commissioner, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465; Bell's Estate v. Commissioner, 8 Cir., 137 F.2d 454; Quigley v. Commissioner, 7 Cir., 143 F.2d 27; McAllister v. Commissioner, 2 Cir., 157 F.2d 235.

In Hort v. Commissioner, 313 U.S. 28, 61 S.Ct. 757, 85 L.Ed. 1168, wherein the landlord released his tenant from a 15-year lease upon payment of a lump-sum in cash, there was no sale or transfer of property. The consideration was held to be a mere substitute for rent. In that transaction, the

lease was cancelled and the tenant did not get anything except a release from the contract. That case is not applicable here. The judgment appealed from is affirmed.