## AUSTIN v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10339.

Circuit Court of Appeals, Sixth Circuit.

May 12, 1947.

McKeehan, Merrick, Arter & Stewart, of Cleveland, Ohio (A. M. Van Duzer and Charles O. DeWoody, both of Cleveland, Ohio, of counsel; Ashley M. Van Duzer and Thomas V. Koykka, both of Cleveland, Ohio, on the brief), for petitioner.

Louise Foster, of Washington, D. C. (Sewall Key, Robert N. Anderson, and Irving I. Axelrod, all of Washington, D. C., on the brief), for respondent.

Before SIMONS, MARTIN, and MILLER, Circuit Judges.

MARTIN, Circuit Judge.

The Supreme Court, in Helvering v. Horst, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75, 131 A.L.R. 655, held that where a father, who as a taxpayer reported his income on the cash receipts basis, detached from certain bonds owned by him negotiable interest coupons before their due date and gave them to his son, who, in the same year, collected the coupons at maturity, the donor father was taxable on the interest payments under Section 22 of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts, page 669.

It was reasoned that, although the donor by transferring the coupons had precluded the possibility of collecting them himself, his action had nevertheless "procured payment of the interest as a valuable gift to a member of his family"; and such use of "his economic gain" constituted the enjoyment of the income and the "economic benefit" as completely as if he had collected the interest in dollars. Burnet v. Wells, 289 U.S. 670, 53 S.Ct. 761, 77 L.Ed. 1439,

was cited. The case was compared with Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731, and Burnet v. Leininger, 285 U.S. 136, 52 S.Ct. 345, 76 L.Ed. 665, and was distinguished from Blair v. Commissioner, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465. Mr. Justice [later Chief Justice] Stone said, inter alia, [311 U.S. at pages 118, 119, 61 S.Ct. at page 147]: "The power to dispose of income is the equivalent of ownership of it. The exercise of that power to procure the payment of income to another is enjoyment, and hence the realization, of the income by him who exercises it. * * * The dominant purpose of the revenue laws is the taxation of income to those who earn or otherwise create the right to receive it and enjoy the benefit of it when paid. See, Corliss v. Bowers, supra, [281 U.S. 376, 378, 50 S.Ct. 336, 74 L.Ed. 916]; Burnet v. Guggenheim, 288 U.S. 280, 283, 53 S.Ct. 369, 370, 77 L. Ed. 748. The tax laid by the 1934 Revenue Act upon income 'derived from * * * wages, or compensation for personal service, of whatever kind and in whatever form paid, * * *; also from interest * * *' therefore cannot fairly be interpreted as not applying to income derived from interest or compensation when he who is entitled to receive it makes use of his power to dispose of it in procuring satisfactions which he would otherwise procure only by the use of the money when received. It is the statute which taxes the income to the donor although paid to his donee."

Should Helvering v. Horst, supra, be interpreted to mean that the father would still have been taxable on the coupon interest collected by his son had he given the latter the bonds as well as the coupons during the taxable year? Decision in the instant case turns upon a correct answer to that question.

The petitioner, Mrs. Ida S. Austin, who seeks a review of the decision of the Tax Court, in consideration of money loaned to her husband, W. J. Austin, received his promissory note, dated June 1, 1932, for $76,128, secured by 1000 shares of common stock of the Austin Company, a close family corporation from which the Austins had derived their wealth. Only two interest payments were made by Mr. Austin on the note: the first on December 31, 1932, in the amount of $4,558.46; and the last on September 16, 1940, in the amount of $2,500. No demand for payment of the note was ever made by the wife. On November 16, 1940, while her husband was still living, Mrs. Austin gave the note to three of their adult children. At that time, $71,569.54 of the principal of the note was unpaid and accumulated interest on the note amounted to $43,320.04. Some three weeks after the transfer of the note by Mrs. Austin to her children, her husband was killed in an airplane accident. On December 31, 1940, the executor of his estate paid $39,-904.31 of the accumulated interest on the note in equal parts to each of the three children. This was followed by the payment in June, 1941, by the executor, of the balance of the accumulated interest in the amount of $3,415.73. In March, 1941, Mrs. Austin filed a gift tax return for the year 1940, reporting the note as of a value of $114,889.58, being the amount of the unpaid principal, plus accumulated interest. She paid a gift tax on that basis.

At the time of the gift of his promissory note by his wife to their children and also at the time of his death, Mr. Austin had adequate assets to pay the note and the interest. The tax return on his estate valued his gross estate at $856,255.72 and his net estate at $343,800.05. The Tax Court found that, at the time of the gift, "the petitioner had no expectation that the note would be paid, in the sense that she gave the matter no thought, and the question of collectibility of the note did not enter her mind, * * *."

The large scale contracting, building and engineering business of W. J. Austin had prospered up to the depression, beginning in 1929. In that year, Mrs. Austin was worth approximately $600,000; and her annual income was around $60,000. From large, speculative side-investments in Florida, California and Cleveland real estate, Mr. Austin had sustained heavy losses; and, in 1932, he suffered a nervous breakdown, causing him to enter a sanatarium. In 1935, he took a trip around the world with his son. He remained president of the Austin Company, but surrendered his

position as general manager and did not resume full activity with the company, none of the stock of which had ever been sold on the stock exchange or outside the family, except to company employees. In 1938, Mrs. Austin gave her children some $55,000 of Austin Company stock and, in 1939, a like amount of the stock. None of the children was dependent upon the mother. In 1940, the father also made gifts of Austin Company stock to their children.

Upon these facts and on the authority of Helvering v. Horst, supra, the Tax Court sustained the Commissioner's inclusion in petitioner's gross income of the interest on the promissory note in controversy earned to the date of the gift by Mrs. Austin to her children and paid, as stated above, within the year in which the gift was made; but held that the Commissioner erred in including the interest ($3,415.73) paid in the following year.

The Tax Court reasoned succinctly: "The interest here involved had already been earned by the principal at the date of gift. The tree had borne the fruit, and it had ripened. That it had not been plucked is seen as immaterial. The donor had the satisfaction, during the taxable year, of seeing the harvest by her children, the objects of her bounty in the gift. Under the Horst case, that is such economic satisfaction as spells income." It was deemed immaterial that, at the time of the gift, Mrs. Austin gave no thought to the collection of interest in the foreseeable future, or that her husband had insufficient cash on hand to pay the interest. His net worth at the time afforded adequate assurance that he was good for both the principal and the interest of the note.

■■■ The reasoning and the decision of the Tax Court is, in our judgment, sound. It is well settled that the courts are not so much concerned with the refinements of title as with the actual command over the income which is taxed and the actual benefit for which the tax is paid. See Harrison v. Schaffner [and cases cited at pages 581, 582], 312 U.S. 579, 61 S.Ct. 759, 85 L.Ed. 1055, in which the Supreme Court stated (p. 580) that the decision in Helvering v. Horst, supra, and in Helver-

ing v. Eubank, 311 U.S. 122, 61 S.Ct. 149, 85 L.Ed. 81, rested on the principle that "the power to dispose of income is the equivalent of ownership of it and that the exercise of the power to procure its payment to another, whether to pay a debt or to make a gift, is within the reach of the statute taxing income 'derived from any source whatever.' "

We fail to see that, as urged by petitioner, Pearce v. Commissioner, 315 U.S. 543, 62 S.Ct. 754, 86 L.Ed. 1016, supports her position. There, in absolute settlement of all liability to her, a husband had bought a life annuity for his divorced wife. Having parted with the corpus, he was deemed not taxable on the annuity payments. Petitioner's counsel stresses that portion of the opinion (p. 554) wherein the Supreme Court points out that such cases as Helvering v. Horst, supra, Helvering v. Eubank, supra, and Harrison v. Schaffner, supra, dealt with situations where the taxpayer had made assignments of income from property but had parted with no substantial interest in the property, except the specified payments of income. The answer is that the language of the Supreme Court upon which dependence is placed by petitioner referred to income earned after the gift of the property and not to income accumulated before the gift, as in the case at bar.

We do not find for petitioner the comfort which she derives from the opinion of this court in Commissioner of Internal Revenue v. Timken, 6 Cir., 141 F.2d 625, 629. As was correctly pointed out in Anthony's Estate v. Commissioner of Internal Revenue, 10 Cir., 155 F.2d 980, 983, the owner of the note with due and unpaid interest involved in the Timken case had assigned it by gift to a charitable organization. The interest was later paid and actually received by the donee of the note. Reversing the determination of the Commissioner that the income was attributable to the assignor of the note, the Board of Tax Appeals was affirmed by this court in its holding that, because of the financial condition of the maker of the note at the time of the assignment, there was little likelihood that either the principal or the interest would ever be paid and, therefore,

the Commissioner's contention that the donor realized the taxable gain in the year of the gift, or in the year in which the interest was actually paid, was not justified by the facts.

In conclusion, it may be well to refer again to Harrison v. Schaffner, 312 U.S. 579, 582, 61 S.Ct. 759, 761, 85 L.Ed. 1055, wherein the Supreme Court said, with reference to Corliss v. Bowers, supra, Lucas v. Earl, supra, Helvering v. Horst, supra, Helvering v. Eubank, supra, and Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788, that "in each of those cases it was held that one vested with the right to receive income did not escape the tax by any kind of anticipatory arrangement, however skillfully devised, by which he procures payment of it to another, since, by the exercise of his power to command the income, he enjoys the benefit of the income on which the tax is laid." Cf. Doyle v. Commissioner of Internal Revenue, 4 Cir., 147 F.2d 769, 771, 772.

The decision of the Tax Court of the United States is affirmed.