**UNITED STATES v. LANDRETH et ux.**

No. 11965.

Circuit Court of Appeals, Fifth Circuit.

Dec. 4, 1947.

Lester L. Gibson and Sewall Key, Sp. Assts. to the Atty Gen., and Frank B. Potter, U. S. Atty., of Fort Worth, Tex., for appellant.

Benjamin L. Bird, of Fort Worth, Tex., for appellees.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

HOLMES, Circuit Judge.

This appeal involves income taxes for the years 1939 and 1940. The question presented is whether certain sums received by the taxpayers from their community property constituted ordinary income or gain upon the sale of a capital asset.

After a trial upon the merits, the court below found that the enterprise contemplated by the parties, as evidenced by their contract of April 20, 1937, constituted a joint undertaking both in management and capital invested; that the legal relation created, and intended to be created, by the parties was that of partners, and the undertaking was a joint venture; that the proprietary interest of each of the parties therein was a capital asset, which had been held for more than two years, and was sold to the Phillips Petroleum Company.

The court held that these taxpayers did not merely assign future income but parted with title to the corpus of the estate from which income was expected to be produced. We agree that the transaction involved was a joint adventure and that the sale of the taxpayer's rights was the sale of capital assets. Commissioner v. Tower, 327 U.S. 280, 66 S.Ct. 532, 164 A.L.R. 1135, 90 L.Ed. 670; Reynolds v. McMurray, 10 Cir., 60 F.2d 843; Levy v. Commissioner, 2 Cir., 131 F.2d 544; Graham, etc. v. Thomas, 5 Cir., 152 F.2d 564; Allen v. First National Bank, 5 Cir., 157 F.2d 592; Allen v. Beazley, 5 Cir., 157 F.2d 970. In Hort v. Commissioner, 313 U.S. 28, 61 S.Ct. 757, 85 L.Ed. 1168, the lease was cancelled, and the tenant did not get anything except a release from the contract. That case is not applicable here.

The judgment appealed from is affirmed.