**UNITED STATES v. SHAPIRO.**

**No. 13990.**

United States Court of Appeals
Eighth Circuit.

Dec. 22, 1949.

Harry Marselli, Special Assistant to the Attorney General (Theron Lamar Caudle, Assistant Attorney General, Ellis N. Slack and Hilbert P. Zarky, Special Assistants to the Attorney General, John W. Graff, United States Attorney, and William P. Murphy, Assistant United States Attorney, St. Paul, Minn., were on the brief) for Appellant.

H. Z. Mendow, Minneapolis, Minn., submitted brief for Appellee.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

The question for decision is whether, under the tax laws of the United States, an interest in a partnership is a capital asset, gain on the transfer of which is to be taxed as capital gain, even though the partnership assets include noncapital assets. The appeal is from a judgment in favor of the taxpayer (appellee) in an action to recover an alleged overpayment of income and defense taxes for the year 1940.

The facts are not in dispute. The taxpayer on December 31, 1940, transferred, at a profit, an interest in a partnership known as the Hillside Apartments Company to one of his three partners. The partnership assets consisted of an apartment house property in Rochester, Minnesota, purchased by the partners in September, 1938, under a contract for deed, some undistributed profits of the partnership, and a few bonds of the Stevens Apartment Company. As a result of the transfer of December 31, 1940, the taxpayer parted with his interest in the partnership property, excepting only the bonds. In his income and defense tax return for the year 1940 he reported the gain attributable to the transfer of his interest in the building as a gain from the sale of a noncapital asset, 100 per cent. taxable, and the gain derived from the sale

of his interest in the land on which the building was located as a long-term capital gain, 50 per cent. taxable. He later concluded that the entire gain derived from the sale of his interest in the partnership was a long-term capital gain and that he had overpaid his tax to the extent of $729.44. On or about September 9, 1942, he filed an amended return reflecting this asserted overpayment, and at the same time filed a claim for a refund. This claim was rejected by the Commissioner of Internal Revenue on April 5, 1944. The taxpayer thereafter brought this action.

The District Court concluded that the transfer of the partnership interest was the sale of a capital asset resulting in a long-term capital gain, even though the apartment building was subject to allowance for depreciation under § 23(*l*) of the Internal Revenue Code, 26 U.S.C.A. § 23 (*l*), and was therefore not a capital asset under § 117(a) (1) of the Internal Revenue Code, 26 U.S.C.A. § 117(a) (1) D.C., 83 F. Supp. 375. Judgment was entered accordingly.

It is the position of the United States that the applicable tax law does not regard a partnership interest as property; that therefore such an interest cannot be a capital asset under § 117(a) (1) of the Internal Revenue Code; that a partner is treated by the tax laws as a co-owner of partnership assets; that when a partner transfers all or part of his interest in the partnership, all that he has sold is his proportionate interest in some or all of the assets used in the partnership business; that gain or loss on the transfer of an interest in a partnership can be related only to the transferor's interest in the specific assets sold; that to the extent that a gain from the transfer is attributable to an interest in capital assets, it is taxable as a capital gain, but that to the extent that the gain is attributable to an interest in noncapital assets it is to be taxed as ordinary income; that the tax consequences of a sale of a partnership interest must be determined without reference to local rules of law relating to partnerships; that Congress intended that, so far as taxation is concerned, partners are to be regarded as being no different than other kinds of business associates who are common owners of business assets; that this is clearly indicated by § 3797(a) (2) of the Internal Revenue Code, 26 U.S.C.A. § 3797(a) (2) [1]; that other sections of the Internal Revenue Code deal with partners as co-owners of partnership assets, income and business, and give no recognition to a partnership as a taxable entity.

The difficulty with the Government's position, which is not devoid of logic, is that it is contrary to the overwhelming weight of authority. McClellan v. Commissioner, 2 Cir., 117 F.2d 988; Commissioner of Internal Revenue v. Lehman, 2 Cir., 165 F. 2d 383, 385–387, certiorari denied 334 U. S. 819, 68 S.Ct. 1085, 92 L.Ed. 1749; Thornley v. Commissioner, 3 Cir., 147 F. 2d 416, 422; United States v. Landreth, 5 Cir., 164 F.2d 340; Commissioner of Internal Revenue v. Smith, 5 Cir., 173 F.2d 470, certiorari denied Oct. 10, 1949, 70 S.Ct. 61; Long v. Commissioner, 5 Cir., 173 F.2d 471–472, certiorari denied Oct. 10, 1949, 70 S.Ct. 61; Commissioner of Internal Revenue v. Shapiro, 6 Cir., 125 F.2d 532, 535–536, 144 A.L.R. 349; Humphrey v. Commissioner, 32 B.T.A. 280, 284; Ford v. Commissioner, 6 T.C. 499, 501; Lehman v. Commissioner, 7 T.C. 1088, 1096, affirmed 2 Cir., 165 F.2d 383; Smith v. Commissioner, 10 T.C. 398, 400–402, affirmed 5 Cir., 173 F.2d 470; Estate of Lowenstein v. Commissioner, 12 T.C. 694. See also, Mertens, Law of Federal Income Taxation, Vol. 6, § 35.27.

---

1. "Sec. 3797. Definitions
    "(a) When used in this title, where not otherwise distinctly expressed or manifestly incompatible with the intent thereof—
    \*   \*   \*   \*   \*   \*   \*
    "(2) *Partnership and partner.* The term 'partnership' includes a syndicate, group, pool, joint venture, or other unincorporated organization, through or by means of which any business, financial operation, or venture is carried on, and which is not, within the meaning of this title, a trust or estate or a corporation; and the term 'partner' includes a member in such a syndicate, group, pool, joint venture, or organization."

The only case which directly supports the contention of the Government is City Bank Farmers' Trust Co. v. United States, 47 F.Supp. 105, 97 Ct.Cl. 310, although some comfort is derived by the Government from the following language in Commissioner of Internal Revenue v. Whitney, 2 Cir., 169 F.2d 562, 568, quoted, with approval, in Randolph Products Co. v. Manning, 3 Cir., 176 F.2d 190, 193: "There is no doubt that generally speaking under the tax law we must approach the partnership as an association of individuals who are co-owners of its specific property and who are taxed, while the partnership is not."

The denial, on October 10, 1949, of the petitions for certiorari in the cases of Commissioner of Internal Revenue v. Smith, 5 Cir., 173 F.2d 470, and Long v. Commissioner, 5 Cir., 173 F.2d 471, indicates to us that the Supreme Court is not disposed to disturb the rulings of the Courts of Appeals of the Second, Third, Fifth, and Sixth Circuits and of the Tax Court to the effect that the sale of an interest in a partnership is the sale of a capital asset, regardless of the nature of the partnership properties. Uniformity in the construction of tax laws is important. The District Court was entirely justified in entering judgment for the taxpayer.

The judgment appealed from is affirmed.