### SWIREN v. COMMISSIONER OF INTERNAL REVENUE.

No. 10100.

United States Court of Appeals
Seventh Circuit.

July 14, 1950.

Before MAJOR, Chief Judge, and KERNER and DUFFY, Circuit Judges.

DUFFY, Circuit Judge.

This is a petition to review and set aside a decision of the Tax Court[1] which affirmed the Commissioner's determination that the gain realized by taxpayer upon the sale of a partnership interest was taxable as ordinary income rather than gain on the sale of a capital asset.

Taxpayer is an attorney at law who was admitted to practice in Illinois in 1927. His first place of employment was with the law firm of Levinson, Becker, Frank, Glenn and Barnes. The firm was nationally known, and the members thereof were of prominence in the legal profession. One became a U. S. Circuit Judge, another a U. S. District Judge, and another a U. S. Senator. Mr. Levinson, the author of the Kellogg Peace Pact, was very prominent in corporate financing and reorganization matters. Since 1912 the names of Levinson, Becker had been the first two names in the law firm.

On January 1, 1932, Mr. Becker purchased the interests of Levinson, Glenn and Schwartz. Levinson retained an office with the firm and for two or three years thereafter was paid an annual salary of $15,000, and for four years thereafter $9,-000 annually, and he in turn permitted the firm to retain his name. Becker fixed the value of the firm at $100,000 although this sum was substantially greater than the aggregate of all of the assets of the firm, including accounts receivable and accrued but uncollected fees. Taxpayer on January 1, 1932, purchased from Becker a 10% interest in the firm and paid $10,000 therefor. The firm was thereafter known as Levinson, Becker, Gilbert, Peebles and Swiren.

In 1934, Gilbert withdrew from the firm and taxpayer purchased another 10% interest, paying $14,750 therefor. Again the amount paid was substantially in excess of 10% of the aggregate of all the physical assets, the accounts receivable and the fees earned but unpaid. Thereafter taxpayer

Ben W. Heineman, William P. Rosenthal, Chicago, Ill., for petitioner.

Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Melva M. Graney, Spec. Assts. to the Atty. Gen., for respondent.

1. Not officially reported.

made purchases from other partners of portions of their capital interest in the partnership until by 1944 he had a 30% interest for an aggregate cash investment of $33,500. During the same period taxpayer had received a partial return (amounting to $14,897.74) of his total cash investment. When taxpayer sold his interest in the partnership in October, 1944, his net capital investment amounted to $18,602.26.

A short time prior to the dissolution of the partnership taxpayer prepared a statement setting forth his idea of the value of his partnership interest and the value of the partnership assets. The eight items listed totaled $151,021. Two of these items were "billed fees (excluding entirely all fees billed prior to January 1, 1944), $12,800" and "unbilled fees (exclusive of Midland), $106,093." After deducting a junior partnership share, the balance shown on the statement was $145,621, and taxpayer's 30% interest amounted to $43,686.30.

Taxpayer negotiated exclusively with Becker, telling him he believed his interest in the partnership was worth $45,000 to $50,000. No discussion was had as to the value of any of the items appearing in the memorandum. Several days later Becker offered taxpayer $40,000 for his interest, which offer was accepted. In addition to the cash consideration taxpayer received some office equipment having a book value of $506.18.

The written agreement for the sale of taxpayer's interest in the partnership was executed on December 13, 1944. Taxpayer sold and assigned "all of his * * * share and interest in the Firm, excepting only and excluding the Midland fee." [2] The agreement recited, "Max Swiren's share and interest in the Firm sold and assigned hereby shall include his share and interest in the name and good will of the Firm, all furniture, fixtures, library, cash, fees earned whether or not billed, and accounts receivable, excluding, however, the Midland fee." It was also agreed that as a basis for accounting the partnership be terminated as at October 31, 1944, and that the partners participate in income and expenses up to that date.

Taxpayer prepared his income tax return for the year 1944 on a cash receipts basis, and reported therein as ordinary income the fees of $29,917.26 he had received from the partnership during that calendar year. However, he listed the sum which he received from the sale of his partnership interest as a capital gain and did not include it among the figures comprising his ordinary income.

The Tax Court, adopting the Commissioner's determination, recognized that taxpayer had a proprietorship interest in the partnership, and permitted him to recover "the full amount of his unrecovered capital outlay" in acquiring his partnership interest. However, the balance of the money received by taxpayer for the sale of his interest in the partnership was taxed to him as ordinary income. This was despite the fact that he sold his partnership interest as a whole.

When the Commissioner made his determination in this case the persistent view of the Bureau had been that the sale of a partnership interest was a sale of the selling partner's interest in each specific partnership asset. However, later acknowledging that "the overwhelming weight of authority [3] is contrary to the position here-

2. Taxpayer had been appointed as attorney for the trustee of Midland United Company, then in reorganization, upon the express direction of the court that he personally and not his law firm act as such attorney. As any award of fees would be and was made to taxpayer personally, such fees were regarded as a special item and not a firm asset. No issue was raised either by the Commissioner or the Tax Court with respect to the tax treatment of this item.

3. Among the cases cited by the general counsel are Kessler, Jr. v. United States, 3 Cir., 124 F.2d 152; Commissioner of Internal Revenue v. Shapiro, 6 Cir., 125 F.2d 532, 144 A.L.R. 349; Thornley v. Commissioner, 3 Cir., 147 F.2d 416; Commissioner of Internal Revenue v. Gartling's Estate, 170 F. 2d 73; Commissioner of Internal Revenue v. Lehman, 2 Cir., 165 F.2d 383, certiorari denied 334 U.S. 819, 68 S.Ct. 1085, 92 L.Ed. 1749; Commissioner of Internal Revenue v. Smith, 5 Cir., 173

tofore taken by the Bureau" the general counsel announced on May 15, 1950,[4] "* * * the sale of a partnership interest should be treated as the sale of a capital asset under the provisions of section 117 of the Internal Revenue Code, 26 U.S.C.A. § 117. The application of this rule should, of course, be limited to those cases in which the transaction in substance and effect, as distinguished from form and appearance, is essentially the sale of a partnership interest."

There is an inconsistency between the opinion of the Tax Court in the instant case[5] and its opinions in several other cases. The Tax Court has held generally, in situations involving similar or analogous facts, that the sale of a partnership interest constitutes the sale of a capital asset. Estate of Jones v. Commissioner, 3 T.C.M. 97; H. R. Smith v. Commissioner, 10 T.C. 398, affirmed 5 Cir., 173 F.2d 470, certiorari denied 338 U.S. 818, 70 S.Ct. 61; Long v. Commissioner, 6 T.C.M. 614, affirmed 5 Cir., 173 F.2d 471, certiorari denied 338 U.S. 818, 70 S.Ct. 61; Estate of Nitto v. Commissioner, 13 T.C. 858.

Discussion of these cases except the last cited is not deemed necessary. Estate of Nitto v. Commissioner, supra, was decided after the decision in the instant case and was reviewed by the entire court. In that case the decedent was a partner in a firm which operated slot machines. He had paid $10,000 for his partnership interest and some years later sold his interest for $20,000. The profit on the transaction had been reported as a long-term capital gain. The Commissioner contended that the gain constituted ordinary income, taxable in full. The Commissioner's contention was rejected by the Tax Court which held that "the sale of a partnership interest is the sale of a capital asset, and any gain realizable therefrom is properly reportable as capital gain."

Although we have considered the additional authorities relied upon by taxpayer,

including McClellan v. Commissioner, 2 Cir., 117 F.2d 988; Commissioner of Internal Revenue v. Lehman, 2 Cir., 165 F. 2d 383, certiorari denied 334 U.S. 819, 68 S.Ct. 1085, 92 L.Ed. 1749; Thornley v. Commissioner, 3 Cir., 147 F.2d 416; United States v. Landreth, 5 Cir., 164 F.2d 340; Commissioner of Internal Revenue v. Smith, 5 Cir., 173 F.2d 470, certiorari denied 338 U.S. 818, 70 S.Ct. 61; Long v. Commissioner, 5 Cir., 173 F.2d 471, certiorari denied 338 U.S. 818, 70 S.Ct. 61; Commissioner of Internal Revenue v. Shapiro, 6 Cir., 125 F. 2d 532, 144 A.L.R. 349; Stilgenbaur v. United States, 9 Cir., 115 F.2d 283; Commissioner of Internal Revenue v. Gartling's Estate, 9 Cir., 170 F.2d 73; United States v. Shapiro, 8 Cir., 178 F.2d 459, and which we regard as conclusively resolving the question involved in taxpayer's favor, it is sufficient to make reference to United States v. Shapiro, 8 Cir., supra, 178 F.2d page 460, where all points advanced by the Commissioner against the taxpayer were held to be unsound as "contrary to the overwhelming weight of authority."

From that case (United States v. Shapiro, 8 Cir., supra) we quote as noteworthy this language from Judge Sanborn's opinion, 178 F.2d page 461: "The denial, on October 10, 1949, of the petitions for certiorari in the cases of Commissioner of Internal Revenue v. Smith, 5 Cir., 173 F.2d 470, and Long v. Commissioner, 5 Cir., 173 F.2d 471, indicates to us that the Supreme Court is not disposed to disturb the rulings of the Courts of Appeals of the Second, Third, Fifth, and Sixth Circuits and of the Tax Court to the effect that the sale of an interest in a partnership is the sale of a capital asset, regardless of the nature of the partnership properties. Uniformity in the construction of tax laws is important. The District Court was entirely justified in entering judgment for the taxpayer."

F.2d 470, certiorari denied 338 U.S. 818, 70 S.Ct. 61; Long v. Commissioner, 5 Cir., 173 F.2d 471, certiorari denied 338 U.S. 818, 70 S.Ct. 61.

4. G.C.M. 26379, published in the Internal Revenue Bulletin, May 15, 1950, 5 CCH Sec. 6123.

5. The instant case was assigned to and heard by one judge. His opinion upholding the Commissioner's contentions makes no reference to the overwhelming weight of authority, including holdings of the Tax Court to the contrary.

In this connection we have given due weight to the factor that under Illinois law a partnership interest, such as taxpayer sold, is property distinct and separate from the partnership or underlying assets. Ill.Rev.Stat. (1949), c. 106-½, Ill. Uniform Partnership Act, Secs. 24, 25 and 26. For example, Sec. 26 of the act provides: "Interest of partner. A partner's interest in the partnership is his share of the profits and surplus, and the same is personal property."

These plain statutory provisions were given effect in Lindley v. Murphy, 387 Ill. 506, 56 N.E.2d 832, and Leuth v. Goodknecht, 345 Ill. 197, 177 N.E. 690, 79 A.L.R. 780. In the Lindley case the court said, 387 Ill. page 514, 56 N.E.2d page 836: "The second property right of a partner is his interest in the partnership, namely, his interest in the partnership as a business or going concern. This interest, as declared in section 26, is his share of the profits and surplus and is personal property, regardless of the character of the partnership property."

The Commissioner here attempts to segregate partnership accounts receivable and unbilled fees for work in process and arbitrarily label both past earnings. The Commissioner argues that fees billed but uncollected, together with potential fees for work in process but not ready for billing or collection were taxpayer's "distributive share of partnership earnings" and therefore not a part of his partnership interest. We cannot agree.

When taxpayer purchased his interest in the firm he became entitled to his proportionate share of all fees collected by such partnership, and a portion of such fees had on the date of his purchase been billed but uncollected and other fees were for work then in process. Such fees when collected were ordinary income and those receiving them, including taxpayer, paid a tax thereon for ordinary income.

Taxpayer was on a cash receipts basis, as was the partnership. Uncollected fees for work in process not yet completed had not been transformed on the date of taxpayer's sale of his interest into gross income within the meaning of Sec. 183(b) (2), Internal Revenue Code, 26 U.S.C.A. § 183(b) (2).

In various of the cases heretofore cited, listed among the partnership assets were such items as accounts receivable, rents receivable and unfinished work which in due course would yield gross income to the partnership. Nevertheless the various Courts of Appeals and also the Tax Court treated the partnership interest as a whole, without regard to the nature of the underlying assets, and held the interest to be a capital asset.

We have examined and carefully considered the cases cited by the Tax Court. One of them, Helvering v. Smith, 2 Cir., 90 F.2d 590, appears to have been overruled in McClellan v. Commissioner, 2 Cir., 117 F.2d 988, and Williams v. McGowan, 2 Cir., 152 F.2d 570, 162 A.L.R. 1036. Other cases cited we regard inapplicable to the facts in this case.

The Commissioner and the Tax Court, while correct in part in regarding as a capital asset taxpayer's unrecovered net investment and allowing recovery therefor in full amount, failed to recognize that, as a matter of law, taxpayer's partnership interest as a whole was a capital asset within Sec. 117 of the Internal Revenue Code, with the gain attending the sale thereof taxable as a capital gain, and not otherwise.

The decision of the Tax Court is reversed and the case remanded to it for further proceedings consistent with this opinion.

KERNER, Circuit Judge, dissenting.

In this case the facts are not in dispute. The law firm of which petitioner was a member was dissolved pursuant to a written agreement, and at his withdrawal in 1944, he owned a thirty per cent capital interest in the firm representing a net unrecovered capital investment of $18,602.26. Petitioner valued his interest in the firm at $43,686.30 including $35,667.90 of billed and unbilled fees exclusive of the Midland fee. He sold the whole, except the Midland fee, for $40,000 in cash and property worth $506.18, or a total of $40,506.18, under an

agreement which defined his share in the firm to include a share in "the name and good will of the Firm, all furniture, fixtures, library, cash, fees earned whether or not billed, and accounts receivable, excluding, however, the Midland fee."

The Tax Court assumed that petitioner's proprietorship interest of $18,602.26 was a capital asset. It allocated the difference between the $40,506.18 and his net unrecovered capital investment to the sale of his distributive share of past earnings and held that the part of the $40,506.18 sale price received for his right to a distributive share of past earnings of the firm was ordinary income.

Petitioner raises no question as to the proper allocation of the $40,506.18 sale price. He contends that the entire amount paid to him was capital gain—paid to him for a capital asset consisting of his "partnership interest." He argues that the sale of a "partnership interest" is the sale of a capital asset regardless of the nature of the underlying assets. With this contention I cannot agree. Nor am I able to say that Estate of Nitto v. Commissioner, 13 T.C. 858, and United States v. Shapiro, 8 Cir., 178 F.2d 459, support the decision of the majority.

In the Nitto case, Joseph Nitto, during the years before his death, was one of the leaders of an underworld gang in and around Chicago, Illinois. In 1936 one Edward Vogel and Nitto entered into a partnership for the purpose of operating a slot machine business. In 1939 Nitto sold out his interest to Vogel for $20,000. The basis for his interest in the business at the time of the sale was $10,000. On his income tax return Nitto reported the $10,000 gain from the sale as a long term capital gain. Thus it is clear the case did not involve uncollected earnings, and the opinion of the Tax Court did not discuss, nor hold, that a sale of a "partnership interest" is the sale of a capital asset regardless of the nature of the underlying assets.

In United States v. Shapiro, 8 Cir., 178 F.2d 459, four parties purchased an apartment building and jointly operated the property for rental purposes, and in addition purchased jointly a few bonds issued by another apartment operator, and thereafter, Shapiro, one of the partners, sold his interest in the building. The District Court, 83 F.Supp. 375, concluded that the sale of Shapiro's one-fourth interest in the apartment building was "the sale of a capital asset resulting in a long-term capital gain." The Court of Appeals affirmed. But since the case did not involve uncollected earnings, I am not convinced that the case must be viewed as supporting petitioner's contention in this case.

It cannot be gainsaid that fees earned for services performed constitute ordinary income, and that upon petitioner's withdrawal from the partnership, he had the right to receive his distributive share of the uncollected fees, or past earnings, of the partnership. Had he remained a partner, his share of the fees would have been taxable as ordiary income to him when collected. Helvering v. Smith, 2 Cir., 90 F.2d 590, and Doyle v. Commissioner, 4 Cir., 102 F.2d 86. Compare Helvering v. Horst, 311 U. S. 112, 61 S.Ct. 144, 85 L.Ed. 75, 131 A. L.R. 655; Helvering v. Eubank, 311 U.S. 122, 61 S.Ct. 149, 85 L.Ed. 81; and Austin v. Commissioner, 6 Cir., 161 F.2d 666. The courts have said that the sale of a right to receive ordinary income is not the sale of a capital asset. This is so even if the sale is of something which may be termed "property." In such a situation the sale price simply replaces the future income, but the sale price does not convert the ordinary income into capital gain. Hort v. Commissioner, 313 U.S. 28, 61 S.Ct. 757, 85 L.Ed. 1168. The rule is illustrated by a decision holding that when a dividend on corporate stock has been declared, a sale of the dividend rights prior to the time the dividend is payable results in ordinary income and not capital gain. Rhodes' Estate v. Commissioner, 6 Cir., 131 F.2d 50.

I have not been convinced that petitioner's share of the uncollected fees was a part of his proprietary interest in the partnership, hence I cannot say that the finding and conclusion of the Tax Court is clearly erroneous. On the contrary, I believe the evidence adequately supports the finding that petitioner upon his withdrawal from the partnership received an amount which

covered both his proprietary interest and his interest in the uncollected fees, that is, capital gain and ordinary income, and since the Tax Court made an allocation between the two which is not questioned by petitioner, I would affirm the decision.