H. Neale BARNES and Esther Barnes, Plaintiffs,

v.

UNITED STATES of America, Defendant.

H. Neale BARNES and Esther Barnes, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Allen T. SMITH, Jr., and Helen M. Smith, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Paul W. MONTGOMERY and Harriette E. Montgomery, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. Nos. 3708-3711.

United States District Court
S. D. Illinois, S. D.

Feb. 21, 1966.

Graham & Graham, Springfield, Ill., for plaintiffs.

Richard E. Eagleton, U. S. Atty., Springfield, Ill., Steven Shapiro, Atty., Dept. of Justice, Tax Division, Washington, D. C., for defendant.

POOS, District Judge.

This is a consolidation of four cases brought by certain medical doctors who are partners in the Springfield Medical Clinic at Springfield, Illinois, to recover taxes which were paid under protest. All four cases contain the same set of facts, and the facts and the amounts in question are agreed to by all parties. Because of this agreement there remains only a question of law for the court to pass on that will dispose of all four cases.

All parties agree that the Internal Revenue Code considers the sale of a partner's interest in a partnership to be a capital transaction, except that any gain realized from the sale of a partner's interest in unrealized receivables is taxable as ordinary income. The taxable amount is determined by computing the difference between the portion of the partner's basis that is allocable to unrealized receivables and the portion of his selling price that is so allocable.

The disagreement in these cases is the computation of the partner's basis in the interest sold. The Government contends that the entire price the partner originally paid for his interest is allocable as his basis for other assets, and he must adopt the partnership's basis (–O–) as his basis as to the unrealized receivables. This results in a capital loss as to the portion of the sale price allocable to other assets and the portion of the sale price allocable to unrealized receivables is all ordinary income. Under the Government's contention, Dr. M., for example, bought into the partnership for $6,075.71, allocable as $3,363.91 to unrealized receivables and $2,711.80 to other assets. This is determined in accordance with the partnership agreement which both parties agree is a proper allocation. However, upon sale of Dr. M's interest in the partnership, the Government contends that all of Dr. M's investment is allocable to other assets, and only $2,711.80 of the sale price is allocable to other assets. Therefore he has suffered a $6,763.91 capital loss in the transaction. On the other hand they contend that none of his original investment is allocable to unrealized receivables, but that $7,138.06 of the sale price is so allocable. Therefore he has $7,138.06 of ordinary income.

The inequity of this position is fairly obvious and may be magnified by considering a hypothetical based on Dr. M's situation. Before Dr. M. became a partner he had certain income on which he paid the taxes due after which he had $6,075.71 which he wished to invest. Dr. A. was an original partner in the Springfield Clinic and under the terms of the partnership agreement his interest was worth $6,075.71. Dr. A. had a $2,711.80 interest in the buildings etc., and his share of the unrealized receivables amounted to $3,363.91, so he sold to Dr. M. for that price and Dr. M. received a $2,711.80 interest in the buildings etc., and a $3,363.91 interest in the unrealized receivables of the partnership. At this point Dr. A. paid his taxes in the figures of ordinary income tax on the $3,363.91 because Sec. 751 considers this money as ordinary income, and he paid nothing on the rest because he broke even as to capital assets. As Dr. M. matriculated through operation of the clinic and these and other unrealized receivables were collected, he received such amounts as were

equivalent to the proportion $3,363.91 bore to the aggregate unrealized receivables at the time he became a partner. As he received this money he paid taxes on it as ordinary income. Now, several years later, Dr. M. wants out and the amount of unrealized receivables due and owing to the Clinic has increased so that his proportionate share is now equal to $7,138.06. Upon finding a buyer Dr. M. sold his share of the unrealized receivables for $7,138.06 and his share of the buildings etc. for $2,711.80, which was the price he paid for them, and there has been no change in their value. The Government now expects him to report a capital loss of $4,764.91 on the sale of the buildings, etc., whereas, in fact, he sold them for what he bought them and broke even. The Government further wants him to pay ordinary income tax on $7,138.06 which represents the sale price of his share of the unrealized receivables. How many times does the Government expect to collect taxes for this $3,363.91 worth of unrealized receivables? When Dr. A. sold, they collected from him, as Dr. M. took these earnings out of the partnership as they were realized they collected from him. Now that Dr. M. has sold they seek to collect again, as Dr. M's buyer takes these amounts out of the partnership they will collect again, when he sells they will collect again, and on and on, ad infinitum. The Government correctly contends that had the partnership made the election provided in Sec. 754 of the Internal Revenue Code, the purchaser of the interest could have deducted his cost from his income in the taxable year of his purchase. However, to hold that because no such election was made by the partnership the individual has lost forever his right to recoupment of his cost before any tax is due, is rather clearly an unconstitutional taking of property without due process of law. For this reason the Government's interpretation of the partnership sections of the tax law is clearly improper.

■ It is fundamental to the tax laws of this nation that a taxpayer is entitled to recoupment of his legitimate cost before he is required to report a gain and pay a tax. He cannot be required to pay a tax on a gain he did not realize, nor can he be required to report a loss he did not in fact suffer. It would be anamolous to accept this position of the Government and it is inconceivable that the partnership sections of the tax law were intended to contradict these fundamental notions of due process. It would be more proper to view this case in the light of the purpose for which the applicable sections of the code were adopted as announced in the Treasury Regulations and the cases on the point. There are no cases or regulations supporting the Government's contention in this instance; likewise there are none directly on point supporting the plaintiff's position. The Ninth Circuit Court of Appeals held in Roth v. C. I. R., 321 F.2d 607, that the collapsible partnership provision of the Internal Revenue Code in Sec. 751 was designed to prevent the collection by partners of ordinary income at capital gains rates.

The case of Swiren v. C. I. R., 183 F.2d 656 (C.C.A. 7, 1960), cert. denied, 340 U. S. 912, 71 S.Ct. 293, 95 L.Ed. 659, is a good example of why Sec. 751 was adopted. In that case a lawyer sold his interest in a law partnership which had a large fee earned but not yet collected as its main asset. Under the provision of the code at that time this was no different than any other asset, and Swiren was able to have his fee at capital gains rates. That is the sort of thing Sec. 751 is aimed at preventing. In the instant case there is no attempt by the doctors to convert ordinary income to capital gains; rather, they wish merely to recoup the cost of this asset before reporting gain.

Because the Government's position may be valid in a given case, to hold it valid in this instance would raise serious constitutional questions about the partnership sections of the code; the Government's position must be rejected here.

The tax law is consistent that the basis to apply to a capital asset in determining gain or loss thereon is generally cost. Sec. 705 states that the basis of a partner's interest shall be determined under

Sec. 722 (in the case of contributions to the partnership's capital) or Sec. 742 (in the case of a transfer of partnership interest).

Whichever whay this transaction is considered, the taxpayer is entitled to a cost basis. First, it is not going too far to hold that the basis should be determined under Sec. 722 because we are dealing with a contribution to capital. When Dr. A. sold to Dr. M. the partnership owed $3,363.91 of its capital to Dr. A. under provisions of the Partnership Agreement, which constituted his share of the unrealized receivables. Therefore, when he left the partnership he had a claim for that much of the partnership assets. Then Dr. M. came in and paid the $3,363.91 to Dr. A. and thereby assumed the debt to Dr. A. causing that amount to remain in the capital structure of the partnership and relieving the partnership of the debt. By so doing Dr. M. has contributed $3,363.91 to the partnership capital structure, and when he sells his interest in the partnership his basis is his cost as provided in Sec. 722. Therefore the portion of the sale price allocable to unrealized receivables that is in excess of that portion of his original cost that is so allocable, is taxable as ordinary income.

The propriety of allowing the partners their cost basis in this manner is further supported by an application of certain cases and regulations applicable to Sec. 751 which recognizes that these are flexible provisions. Regulation 1.751–1(a) 2, states that the basis in the case of the transfer of partnership interests shall reflect any agreement applicable under regulation 1.704–1(b) 1 & 2. Regulation 1.704–1(b) 2 and the Ninth Circuit opinion in Roth v. C. I. R. announces that parties may by agreement determine the business and tax consequences of the partnership dealings provided such determinations are founded on sound business reasons and not to avoid taxation.

There is no question concerning the propriety of the partnership agreement. The agreement is on file as an exhibit and it is clearly based on sound business reasoning, has been in force for a long time and does not appear to be any sort of an attempt to evade taxes. Applying a cost basis (properly adjusted) to the unrealized receivables assets is not an attempt to evade taxes; in fact to not allow it would be to impose a double, even a triple or more tax on the members of the partnership. The agreement has established a fair and honest basis of cost for these assets, and there is nothing in the tax law which denies this nor does the Government in its pleadings or brief contend that the agreement is a fraudulent attempt to evade taxes. Therefore the agreement is entitled to be recognized and the basis for taxation purposes on these assets shall be determined in accordance therewith.

It is the judgment of this Court that the plaintiffs are entitled to recover the cost of these assets before any tax is due upon their sale and the relief sought by the plaintiffs is hereby granted.