*[152]
 
 CARLISLE B. ROBERTS, Judge.
 

 Plaintiffs appealed from the defendant’s Order No. I 78-53, dated January 4, 1979. The sole question presented is whether certain payments made by the plaintiff husband, Mr. David L. Jensen, during the tax year 1973 should be deemed capital contributions (and not deductible upon the plaintiffs’ 1973 Oregon personal income tax return) or deductible expenses paid in the acquisition of ordinary taxable income. This issue had previously been tried for the tax year 1974 and the parties herein have stipulated "[t]hat the opinion of the Oregon Tax Court in the case of
 
 Jensen v. Department of Revenue,
 
 SC-1257, issued June 9, 1978, shall be considered as stating accurately all facts contained therein. * * *”
 
 *
 

 This suit was presented on the basis of the pleadings, the stipulation, and an oral argument by counsel. The pertinent stipulated material reads as follows:
 

 "In 1973, Mr. Jensen was discharged from the U.S. Marine Corps and returned to Eugene, Oregon, to live. At that time, Terence J. Hammons, Esq., and Michael V. Phillips, Esq., were engaged in the practice of law under the firm name of Hammons and Phillips. An agreement was reached among Hammons, Phillips and Jensen that the last named would join the other two as a full partner and that all income received by the new partnership, Hammons, Phillips & Jensen, would be equally divided among the three partners, even as to that income which was earned as the result of the activities of the original partnership of Hammons and Phillips. At that time, the assets of the firm were largely made up of accounts receivable. No consideration was given to the purchase of 'good will.’ The office equipment was largely leased and that owned by the old firm was of de minimis value. Office space was rented. The petitioner, Mr. Jensen, purchased his own office furniture.
 

 
 *[153]
 
 "As a matter of procedure, all of the accounts receivable as of the last day of the original partnership were run off on a tape and the firm’s accountant, utilizing the firm’s collection procedure, discounted the total to the fair market value as of that date, reaching a total (rounded) of $39,000. Mr. Jensen undertook to pay for his one-third portion thereof, $13,000, to Messrs. Ham-mons and Phillips as he was able. The old and the new firms and Mr. Jensen, individually, kept their accounts and made their tax reports on the cash basis.
 

 "Mr. Jensen testified that (1) he deemed himself to be one of three persons constituting a new partnership for the practice of law, doing business as Hammons, Phillips & Jensen; (2) that the new partnership bought the assets of the former partnership, Hammons and Phillips; and (3) that he, individually, agreed to pay to Messrs. Hammons and Phillips $13,000 for a one-third share of the accounts receivable of the first firm. He specifically testified that he considered himself, in effect, as purchasing one-third of a partnership business.
 

 "Most of the accounts receivable were paid to the new firm in 1973 and the Department of Revenue has imposed upon the petitioners an additional income tax for that year by notice of tax deficiency to Mr. and Mrs. Jensen in the sum of $1,104.57. This was because the department’s auditor denied the deductions against income taken by Mr. Jensen on account of his payments in that year to Messrs. Hammons and Phillips. It was the auditor’s view that the payments were capital expenditures for the acquisition of a partnership interest and not, as Mr. Jensen believed, payments for the acquisition of unrealized receivables, to be reported as ordinary income but against which his out-of-pocket expense would constitute a business deduction. * * *”
 

 In his oral argument in the present suit, plaintiffs’ counsel strongly urged that the accounts receivable of the old partnership were clearly severable from the partnership interest which Mr. Jensen acquired; i.e., as counsel stated in oral argument: "The only thing that he [plaintiff Jensen] was buying was accounts receivable. * * *”
 

 No partnership agreement or articles were offered in testimony or as an exhibit. The financial records of
 
 *[154]
 
 the new partnership were not offered or discussed in court. However, the conclusion of plaintiffs’ counsel does not explain Mr. Jensen’s testimony that he considered himself, in effect, as purchasing one-third of a partnership business. One cannot avoid asking why Mr. Jensen would have undertaken to buy one-third of the original partnership’s unrealized receivables, having in mind, under the facts of this case, that he could expect little profit in excess of the $13,000 from collection of his one-third of the accounts. The court concludes that the $13,000, the discounted value of a one-third interest in the old partnership’s principal asset, was the agreed measure of Mr. Jensen’s capital contribution to the new partnership, placing (and continuing) him on an equal contributory basis with the former partners.
 

 The differences between plaintiffs and defendant are found in the variance in legal concepts on which their arguments were based. It appears to the court that the plaintiffs believe that Mr. Jensen engaged in two different, separate transactions (i.e., the acquisition of a partnership interest without cost to Mr. Jensen and the simultaneous purchase by him of a one-third interest in a specific list of accounts receivable); the defendant’s view is that Mr. Jensen purchased a one-third interest in a continuing partnership, the purchase price being measured by the valuation ascribable to specific "unrealized receivables” (defined in IRC (1954), § 751(c)) as of the date of an oral partnership agreement.
 

 The stipulated facts in this case, recited above, are scanty. The lack of evidence respecting partnership agreements and records suggests that the optional income tax aspects of a partnership agreement, delineated in IRC (1954), § 704, and the election for treatment of partnership assets upon a transfer, provided in IRC (1954), § 754, were not deemed significant by Mr. Jensen and his partners in their partnership planning.
 
 (Seethe
 
 discussion in 6 Mertens,
 
 Law of Federal Income Taxation
 
 §§ 35.31 and 35.71.) In this
 
 *[155]
 
 situation, the court concludes that the defendant’s concept of the facts and the applicable law, as found in the federal Internal Revenue Code, as amended in 1954, is correct. The State of Oregon has adopted and must apply the pertinent federal income statutes as required by ORS 316.007, 316.012, 316.022(5), and 316.032.
 

 The court finds that the accounts receivable described in the stipulated facts,
 
 supra,
 
 were "unrealized receivables” as defined in IRC (1954), § 751(c) (the pertinent part of which is set out below).
 

 Under the 1954 Code, treatment of a partnership interest as a capital asset is expressly required in IRC (1954), §§ 731(a) and 743. The concept of the partnership interest as a capital asset is vital in the determination of the amount and character of the gain or a loss of a
 
 partner
 
 upon his retirement or the termination of the partnership or upon the sale or other disposition of his partnership interest, as well as the gain or loss to the
 
 partnership
 
 upon the sale of its assets and depreciation allowances.
 
 United States v. Snow,
 
 223 F2d 103 (9th Cir 1955), 55-1 USTC ¶ 9432, 47 AFTR 1178;
 
 Watson v. Commissioner,
 
 82 F2d 345 (7th Cir 1936), 36-1 USTC ¶ 9159, 17 AFTR 637.
 

 For federal income tax purposes, a partnership which changes its membership is regarded as a continuing entity except that, under IRC (1954), § 708(b)(1)(B), a sale or exchange, within a 12-month period, of partnership interests amounting to 50 percent or more of the total interests in partnership capital and profits will terminate the partnership. In the present case, only 33% percent was transferred.
 

 "* * * A partner cannot amortize or depreciate the cost [to him] of his partnership interest. * * * Similarly, a partner is taxable with respect to his distributive share of partnership income although the amount thereof is diverted to someone else as payment for his interest in the partnership good will and other assets; such a payment is not an expense of the partnership. * * * As a
 
 *[156]
 
 corollary, payments to a retiring partner consisting of a percentage of gross sales for a given period were held taxable to him as income derived from partnership profits.” (6 Mertens,
 
 supra,
 
 § 35.29, at 99 (citations omitted).)
 

 The "corollary” at first glance appears contradictory. However, what is involved is a measure of tax, not an arbitrary reclassification of a partnership asset back into an ordinary income account. Under the 1939 Internal Revenue Code, it was possible for a law partnership which claimed a large professional fee, earned but not yet collected, constituting its principal asset, to sell the partnership interest in the professional fee and pay income taxes on the proceeds at the reduced tax rate applicable to the sale of a capital item.
 
 Swiren v. Commissioner,
 
 183 F2d 656 (7th Cir 1950), 50-2 USTC ¶ 9384, 39 AFTR 781,
 
 cert denied,
 
 340 US 912, 71 S Ct 293, 95 L Ed 659 (1951). With the enactment of Subtitle K in the 1954 Code, this former device for minimizing income tax was prohibited by IRC (1954), § 751(a) and (c) which read:
 

 "(a) Sale or Exchange of Interest in Partnership.— The amount of any money, or the fair market value of any property, received by a transferor partner in exchange for all or a part of his interest in the partnership attributable to—
 

 "(1) unrealized receivables of the partnership, or "(2) inventory items of the partnership which have appreciated substantially in value, shall be considered as an amount realized from the sale or exchange of property other than a capital asset.
 

 "(c) Unrealized Receivables.—For purposes of this subchapter, the term 'unrealized receivables’ includes, to the extent not previously includible in income under the method of accounting used by the partnership, any rights (contractual or otherwise) to payment for—
 

 * sf: if: *
 

 "(2) services rendered, or to be rendered.”
 

 The "transferor partner” in a partnership, who is paid cash and surrenders his interest in unrealized
 
 *[157]
 
 receivables, as part of a partnership agreement which provides for an incoming partner, is subject to IRC (1954), § 751(b), and must treat the proceeds of the sale as ordinary income for personal income tax purposes.
 
 See
 
 6 Mertens,
 
 supra,
 
 § 35.58, at 199.
 

 In 1973, when Mr. Jensen (hereinafter designated "J”) was accepted as a member of a partnership in which Mr. Hammons ("H”) and Mr. Phillips ("P”) had been the only members, J agreed to make a contribution to the firm in the sum of $13,000, a capital contribution, with the right to one-third of H and P’s receivables thereafter, for services previously rendered. As a part of his agreement, he made a small down payment and completed the payment of the full amount during the years 1973 and 1974.
 

 The effect of the applicable provisions of the 1954 Code is that the cash-basis partnership of H and P was continued as a partnership of H, P and J and, as the contributions in cash were paid by J (or diverted from his earnings), the books of the firm of H, P and J would show such sums as J’s capital contributions. Nothing would be shown in the balance sheet for "unrealized receivables” but, when such items were paid, they would be deemed income to the firm, with two-thirds distributed to H and P individually in reduction of part of their capital contribution. These amounts would be taxable to H and P as ordinary income because of the tax-avoidance provision in IRC (1954), § 751(a). Recognition of the sums to be distributed to partners H and P would be shown by the reduction of their individual partnership interests from 50 percent to 33% percent.
 

 In 1973, when J received income distributed by the partnership, or drew upon the partnership in anticipation of an income distribution, he did not receive moneys which, in legal theory, were the actual receipts of the formerly unrealized receivables. He received his aliquot share of the firm’s current income, including some income from personal services previously rendered by H and P. His capital contribution was
 
 *[158]
 
 measured by the alleged value of the H and P firm’s unrealized receivables which, on the date of the new partnership, discounted by the old firm’s accountant, constituted the chief asset of the original firm. Accordingly, as a cash-basis taxpayer, J must report such income upon his federal and state personal income tax returns in the year of receipt. He will recoup his partnership contribution of $13,000, as in the case of any other capital contribution, only upon a sale, liquidation or distribution of the capital asset.
 
 Barnes v. United States,
 
 253 F Supp 116 (SD Ill 1966), 66-1 USTC ¶ 9275, 17 AFTR2d 639.
 

 The department’s Order No. I 78-53 should be and hereby is affirmed.
 

 The defendant is awarded its costs.
 

 *
 

 The case for the income tax year 1974 was tried in the court’s Small Claims Division. A decision was written and judgment issued. However, ORS 305.555 prohibits an appeal from such judgment and further provides: "A judgment [in the Small Claims Division] shall not be considered as judicial precedent or be given any force or effect in any other case, hearing or proceeding.”