CARLISLE B. ROBERTS, Judge.
 

 Plaintiffs appealed from defendant’s Order No. I 79-13, dated the 4th day of [April], 1979. That order sustained a decision of the Audit Division of the Department of Revenue which determined that plaintiffs’ realized gain on the sale of real property must be treated as ordinary income for personal income tax purposes for the tax years 1974, 1975 and 1976.
 

 
 *[193]
 
 In years prior to 1974, plaintiffs were engaged in a land development business and in the sale of real property. Gains realized from such sales were reported as ordinary income on the installment basis. Sometime during 1974, plaintiffs retired from land development business but continued to receive installment income from prior sales. Installment payments received in 1974,1975 and 1976 were reported as capital gains for those tax years and not as ordinary income. The auditor disallowed the capital gains treatment.
 

 In order for the capital gains provision of the Internal Revenue Code to be applicable, there must be a sale or exchange of a capital asset as defined by IRC (1954), § 1221, or property which is treated like a capital asset under IRC (1954), § 1231. Section 1221(1) specifically excludes "property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business; * *
 

 As land developers, plaintiffs did hold properties for sale in the ordinary course of their business. Thus, the properties sold were not capital assets and were not entitled to capital gains treatment when sold. At the time of the sales in question, the plaintiffs characterized and reported the gain as ordinary income. Plaintiffs contend that from 1974 through 1976 they would not have been classified as dealers in real estate and, if the sale had been made within that time frame, the properties would have been capital assets subject to capital gains tax treatment.
 

 Plaintiffs contend that the controlling law is that which is in effect at the time of the receipt of installment payments. Cases cited to support this contention are
 
 Klein v. Commissioner,
 
 42 TC 1000 (1964), and
 
 Snell v. Commissioner,
 
 97 F2d 891 (5th Cir 1938), 38-2 USTC ¶ 9417, 21 AFTR 608.
 

 Klein, supra,
 
 involved the sale of a partnership interest in 1952 with gain reported under the installment method. At this time, the 1939 Internal Revenue Code was controlling and the gain was characterized
 
 *[194]
 
 as a capital gain. In order to overcome a form of income tax avoidance, this same gain from payments received was taxed at the same rate as ordinary income after the effective date of the 1954 Code. Here, the change in characterization was caused by a change in the law (revision of the tax code), not by a change in the taxpayers’ status. (The 1954 Code amendment was made to overcome a method of tax avoidance.
 
 See Jensen v. Dept. of Rev.,
 
 8 OTR 151 (1979).)
 

 Snell, supra,
 
 involved New York residents who, from time to time, bought land in Florida and elsewhere for investments. Even though part of the land was platted and improved, the court held that occasional sales of lots through local brokers were not enough to give taxpayers the vocation of real estate dealers. Plaintiffs offered no denial that they were real estate brokers at the time of the sale; therefore, there is little parallelism between either
 
 Snell
 
 or
 
 Klein, supra,
 
 and the present case.
 

 Defendant cites five cases with
 
 Bynum v. Commissioner,
 
 46 TC 295 (1966), and
 
 Mauldin v. Commissioner,
 
 195 F2d 714 (10th Cir 1952), 52-1 USTC ¶ 9258, 41 AFTR 1126, holding that the status of property at the time of sale determines its proper classification.
 

 Shumaker v. Commissioner,
 
 38 TCM (CCH) 302 (1979), [1979] TCM (P-H) ¶ 79,071, is also cited by defendant. In this case, plaintiff stored part of his 1972 wheat, to sell later, as was his custom. Plaintiff sold his farm in 1973 and later, when he sold the stored grain, he claimed it was no longer in the ordinary course of his business and should not be classified as ordinary income. The court held that the status of the taxpayer at the time the income was earned was determinative, not when the income was received.
 

 Plaintiffs’ counsel has argued, on behalf of his clients, that "[I]f it is fair to allow the government to change horses in the middle of the stream, then the
 
 *[195]
 
 taxpayers should be allowed the same privilege. * * *” This is a non sequitur, in the premises of this case.
 

 The rule of law applicable to the agreed facts sustains the defendant’s position that the character of the gain was fixed at the time of the sale and is not changed by the taxpayers’ subsequent change in status. Defendant’s Order No. I 79-13 is affirmed.
 

 Defendant is allowed its costs and disbursements.